State v. Garcia, 19 N. M. 414

[No. 1660, August 17, 1914.]

STATE OF NEW MEXICO, Appellee, vs. CIPRIANO GARCIA and FRANCISCO GARCIA, Appellants.

## SYLLABUS BY THE COURT.

1. An exception "to each and every paragraph of the Court's charge for the reason that the same, and each and every paragraph thereof, does not charge the law applicable to the cause in governing the same; that such charge, and each and every paragraph thereof, are upon the weight of the evidence and same are confusing, misleading and prejudicial, and are not supported by the evidence; that the charges upon first and second degree murder are prejudicial and not supported by the evidence," is, except the last clause thereof, too general to raise any question for review in this court.

P. 417

2. The last clause of the exception is of no avail where defendants were acquitted of murder, and convicted of manslaughter, and no prejudice to them is pointed out on the argument.

P. 417

3. No error can be assigned for failure to fully instruct the jury where no requests for more detailed instructions are presented.

P. 417

4. The court has power to examine the witnesses offered in support of a motion for change of venue, and his discretion, ordinarily, will not be disturbed.

P. 418

5. Where no motion for a directed verdict of not guilty for failure of proof is made, and the fact is not called to the attention of the court in the motion for a new trial, no relief can be granted by this court.

P. 418

Appeal from District Court, Union County; Thomas D. Leib, Presiding Judge. Affirmed.

O. P. EASTERWOOD, J. LEAHY, for appellants.

13th error. 142 N. W. 235.

14th error. Supra; 150 U. S. 442; 7 S. E. 140; 35 N. E. 472; 68 Pac. 504; 12 Am. Rep. 176.

21st error. 50 N. E. 142; 30 S. E. 254; 27 Atl. 417; 31 N. E. 599.

22nd error.  81 N. Y. 360; 92 N. W. 876; 32 S. E. 125.

23rd error.  62 Pac. 10'5; 40 L. Ed. 395.

26th error.  92 Ga. 601; 8 N. M. 211; 14 Ill. 86; 11 N. M. 558; 14 N. M. 30.

Deceased brought on trouble. 11 Pac. 183; 50 Pac. 327.

It was error for court to instruct upon murder in first degree and upon presumption of malice.   133 N. W. 406; 142 N. W. 445.

Implied malice. 133 N. W. 431.

Defendant was entitled to an instruction.   39 Pac. 160; 8 N. M. 496, 538; 60 Pac. 101; supra.

Voluntary manslaughter.   20 Pac. 769; 103 Pac. 1057.

Design to kill. 32 Pac. 1030; 77 Pac. 163.

Acts of defendants on night of homicide. 68 Ala. 42; 18 S. W. 459; 55 S. W. 573; supra; 40 L. Ed. 474; 2 N. M. 307.

Not guilty of voluntary manslaughter. 8 N. M. 543; 12 N. M. 90; 30 So. 391.

Impartial jury. 11 N. M. 302, 588; 8 N. M. 180; 62 N. W. 631; 57 N. W. 490; 6 S. W. 97; 28 N. E. 964; 12 A. & E. Enc. 52; 24 So. 314.

Presumptions of court. 160 S. W. 71.

Defendant had right to defend brother. Sec. 1069 C. L. 1897; 160 S. W. 80.

No evidence of conspiracy. 79 S. E. 709.

Self-defense. Supra; 63 So. 167; 152 S. W. 1074.

IRA L. GRIMSHAW, for appellee.

Instructions of court.   16 N. M. 40; 15 N. M. 124; 12

N. M. 419; 7 N. M. 62; 8 N. M. 543; 15 N. M. 165; 13 N. M. 300; 17 N. M. 479; 16 N. M. 476.

### Reply Brief Of Appellants.

Instructions of court. Whart. on Homicide, Chap. 11; 18 Fla. 472; 8 N. M. 543; 15 N. M. 165; Sec. 1069 C. L. 1897.

### OPINION.

PARKER, J.—Appellants were indicted for murder, and were convicted of voluntary manslaughter. Counsel for defendants excepted to the instructions of the court as follows:—

"Comes now the defendants, in their own proper person and attended by their counsel, O. P. Easterwood, Esquire, and except to each and every paragraph of the Court's charge for the reason that the same, and each and every paragraph thereof, does not charge the law applicable to the cause in governing the same; that such charge, and each and every paragraph thereof, are upon the weight of the evidence and same are confusing, misleading and prejudicial, and are not supported by the evidence; that the charges upon first and second degree murder are prejudicial and not supported by the evidence."

The Attorney General clearly points out that this form of exception is insufficient to present any question for review in this court. It has been firmly established by repeated decisions of this and the territorial court, that an exception to an instruction must be sufficiently specific to direct the attention of the court to the error complained of, so that the error, if it exists, may be corrected before the jury retires to consider of its verdict. In this way the rights of the defendant may be then and there protected and the public may be saved the expenses of a fruitless proceeding. Any other rule will convert a judicial proceeding into an unfair game wherein truth and justice must often fail. See Territory vs. Pettine, 16 N. M. 40, collecting New Mexico cases.

An examination of the exception to the instructions discloses that, except as to the last clause thereof, to be presently noticed, it relates to "each and every paragraph thereof", and recites that they are all inapplicable to the case, and are all comments on the weight of the evidence, and are all confusing, misleading and prejudicial, and are all unsupported by the evidence. This, of course, necessarily, could not be so, and the exception is so drawn as to give no clue as to what counsel really complained of. The exception saves no question for review here. See Territory vs. Pettine, 16 N. M. 40; Territory vs. Leslie, 15 N. M. 240; James vs. Hood, 19 N. M. 234.

The last clause of the exception may be sufficient to raise a question which we could consider under proper circumstances. It is to the effect that the evidence did not warrant the submission of the charge of murder to the jury, and that defendants were thereby prejudiced. But counsel for appellants have failed to point out wherein the action of the court was prejudicial to the defendants. They were acquitted of murder and convicted of manslaughter, and the jury, by their verdict, showed their ability to discriminate and to correctly apply the facts to the law as given them by the court.

This disposes of all the assignments as to the alleged erroneous character of the instructions actually given.

Numerous assignments are filed charging the failure of the court to fully charge the law. Likewise, none of these assignments are available. The defendants made no requests for instructions. The court fully and fairly covered the law of the case, and if the defendants desired more detailed and specific instructions, it was the duty of counsel to propose them to the court. Having failed so to do, no error can be assigned here. Territory vs. Pettine, 16 N. M. 40, citing New Mexico cases; Territory vs. Harrington, 17 N. M. 62.

Counsel assign error upon the refusal of the court to change the venue of the cause. The court called in the three witnesses furnished by the defendants in support of

the motion, examined them, and found that a sufficient showing had not been made. We have examined their testimony and find it to amply support the action of the court. That the court has power to examine the supporting witnesses and that his discretion, ordinarily, will not be disturbed, is fully established by the decisions in this jurisdiction. Territory vs. Emilio, 14 N. M. 147; Territory vs. Cheney, 16 N. M. 476.

A curious fact appears in the case. Francisco Garcia, one of the defendants, became engaged in an altercation with the deceased, whereupon deceased shot Garcia and he fell to the floor, and remained there, unconscious, during the whole of the remainder of the difficulty. Cipriano Garcia, his brother, was at the time at the back end of the saloon where the difficulty occurred, and took no part in the same up to this time. Upon hearing the shot and seeing his brother fall to the floor, he rushed to his rescue, encountered the deceased, and killed him. No proof of concerted action on the part of the brothers is shown.

It thus appears that it was physically impossible for Francisco Garcia to be guilty of any crime in this connection, and he was entitled to an instruction to the jury to acquit him. Had the matter been called to the attention of the court before instructing the jury, no doubt he would have so directed them. But counsel sat quiet, speculated upon the result before the jury, and afterwards complained of an adverse result. Nor did counsel call the attention of the court to this proposition in the motion for a new trial.

Under such circumstances, no relief can be granted here. No question is here for decision, the court below never having decided the point. The proposition, as presented, amounts to an appeal to this court for the first time to award a new trial to a defendant on the ground of the absence of evidence to convict him, when the lower court has never been asked to so decide. This is not available.

In People vs. Smith, 106 Mich. 431, 434, the court said: "The difficulty with this defense is that no such conten-

tion was made at the trial." No request was made for an instructed verdict * * * "The objection therefore comes too late."

In Clark vs. State, 78 Ala. 474, 477, the court said:

"There was evidence showing that the offense was committed in Jefferson County. No instruction was given or requested in respect to its sufficiency. Without a decision by the superior court made the subject of exceptions and involving an inquiry into the sufficiency of the evidence, this court cannot interfere."

In State vs. Secrest, 80 N. C. 331, 333, the court said:

"No such point seems to have been made at the trial and no such instruction asked of the court."

The same doctrine prevails in the Federal courts. In McDonnell vs. United States, 133 Fed. 293, 294. It is said:

"It is well settled that where no motion is made for an instructed verdict, and without objection the court is permitted to charge the jury on the assumption that there is sufficient evidence to justify the submission of the case to them, the objection that there was no evidence to support the verdict cannot be held and considered in an appellate court." See also, 12 Cyc. 813; People vs. Crowley, 110 Cal. 478, 483; Foley vs. People, 22 Mich. 227; 228; Hubbard vs. State, 72 Ala. 164; Pearson vs. State, 59 So. 526, 527; State vs. Brady, 104 N. C. 737, 738; State vs. Taylor, 132 Pac. 713.

In some of the cases cited, the refusal of the court to review the question is based upon the fact that the question was neither presented at the trial, nor presented in the motion for a new trial, while in others it is held that the question must be presented at the trial, and if presented for the first time in a motion for a new trial, it is not available. Evidently, the latter position is logically correct. The object of a motion for a new trial, except as to matters addressed to the discretion of the court, such as newly discovered evidence, misconduct of the jury, and the like, is to call to the attention of the court errors which, in the hurry of the trial, he has committed, so that before the case goes to judgment these errors, upon more mature con-

sideration and argument, may be corrected, and a new trial granted. It is not the object of a motion for a new trial to call to the court's attention for the first time some error which counsel for the defendant all the time knew, but which he failed to present to the court in proper form at the time the error was committed. The error, if it exists, consists, not in overruling the motion for a new trial, but it consists in the doing or refusing to do some act during the progress of the trial which the law commands. And in this case, the thing which ought to have been done by the court was to instruct the jury to find the defendant, Francisco Garcia, not guilty, had he been requested so to do. The law, under such circumstances, would have required him to do it, and had he refused, error could be assigned. But he was neither requested to do so at the trial, nor was he requested to do so in the motion for a new trial, except by the first two paragraphs thereof, wherein the verdict is alleged to be contrary to the law and contrary to the evidence. But we do not regard such assignments in a motion for a new trial as sufficient to raise any question at all. The remedy of the defendant, Francisco, is an application to the Governor for pardon.

This disposes of all of the assignments of error which have been argued in the briefs, and for the reasons stated, the judgment of the lower court will be affirmed, and, IT IS SO ORDERED.

STATE OF NEW MEXICO, Appellee, vs. CIPRIANO GARCIA and FRANCISCO GARCIA, Appellants.

SYLLABUS BY THE COURT.

1. Where the evidence in a criminal case not only fails to support the verdict, but shows conclusively that the defendant did not commit the crime charged, this court, of its own motion, will take notice of the fact, and reverse the judgment, notwithstanding the defendant is precluded from insisting on the error by reason of failure to take and preserve proper exceptions in the court below.    P. 421

Appeal from District Court, Union County; Reversed
and Remanded, as to Francisco Garcia.

### OPINION UPON REHEARING.

PARKER, J.—We have determined to make a different
disposition of the point discussed in the last paragraph of
the former opinion. We held that no motion for an in-
structed verdict having been made in behalf of the defend-
ant, Francisco Garcia, he could not complain of the verdict
against him, notwithstanding the fact that there was, not
only no evidence against him to support the verdict, but
the evidence established, conclusively, that he was inno-
cent. This is correct in view of the provisions of Section
37 of Chapter 57, Laws of 1907, which requires parties to
take exceptions at the time a ruling is made, and which
prohibits the taking of exceptions in this court to any pro-
ceedings in the district court except such as shall have been
expressly decided in that court. Whether Francisco Garcia
was entitled to an instructed verdict in his favor was not
expressly decided in the district court, because the court
was not requested to so decide, and he cannot now insist
upon his right here. This is also in accord with the cur-
rent of authority in the other states, as we pointed out in
our opinion.

There exists in every court, however, an inherent power
to see that a man's fundamental rights are protected in
every case. Where a man's fundamental rights have been
violated, while he may be precluded by the terms of the
statute or the rules of appellate procedure from insisting
in this court upon relief from the same, this court has the
power, in its discretion, to relieve him and to see that in-
justice is not done.

The restrictions of the statute apply to the parties, not
to this court. This court, of course, will exercise this dis-
cretion very guardedly, and only where some fundamental
right has been invaded, and never in aid of strictly legal,
technical, or unsubstantial claims; nor will we consider the
weight of evidence if any substantial evidence was sub-
mitted to support the verdict. If substantial justice has

been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here.     But in this case justice has not been done. A man has been convicted and sentenced to imprisonment for a term of years where there is, not only no evidence to support the verdict, but where the evidence conclusively establishes his innocence. Under such circumstances we cannot permit such an injustice to be done. For a similar case, and a similar holding, see Sykes vs. U. S., 204 Fed. 909, per Sanborn, Circuit Judge.

We have examined the motion for rehearing, and find nothing in it as to the defendant, Cipriano Garcia, to cause us to recede from our former holding, and the same is denied as to him.

It follows that the judgment as to Cipriano Garcia will stand affirmed, and as to Francisco Garcia it will be reversed and the cause remanded to the district court with instructions to award a new trial, and, IT IS SO ORDERED.