State v. Corral, 27 N. M. 535

---

(No. 2663.   Dec. 23, 1921.)

## STATE V. CORRAL, ET AL.

### SYLLABUS BY THE COURT.

(1) A verdict not supported by substantial evidence will be set aside on appeal.                P. 540

(2) A requested instruction covered by instructions given of the court's own motion is properly refused.    P. 540

(3) Assignments of error presented but not argued in the brief will not be considered.                P. 540

Appeal from District Court, Grant County; Ryan, Judge.

Elauterio Corral, Romaldo Losano, and Jesus Rocha were convicted of murder in the first degree, and they appeal. Reversed as to Rocha and remanded and affirmed as to Corral and Losana.

J. H. Shetter and Joseph W. Hodges, both of Silver City, for appellants.

A. M. Edwards, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT.

DAVIS, J. Appellants Elauterio Corral, Romaldo Losano and Jesus Rocha were convicted of murder in the first degree in the district court of Grant County. All are natives of Mexico. At the time of trial, May, 1921, Corral was 16 years old, Losano 17, and Rocha 22. On April 1, 1921, all were prisoners in the Grant county jail. That night, or early the following morning, Corral and Losano escaped from their cell by removing some bricks in the wall, and went into a room where Ventura Bencomo, the jailer was sleeping. His pistol, cartridge belt, and jail keys were on a chair near his bed. Losano had obtained an axe which was kept in the jail and was carrying it. Corral took the axe from him and struck Bencomo in the head with it, rendering him unconscious and inflicting a wound from which he died a few hours later. They then took the pistol, cartridge belt, and keyes and completed their escape. Jesus Rocha, the other appellant, during all this time was locked in his own cell with another prisoner. Before leaving the jail Corral and Losano went back to Rocha's cell, had some conversation with him, and tried to unlock the door so as to permit him to escape; but they were unsuccessful, and Rocha remained locked in his cell during all of the night. Corral and Losano were captured some days later,

and they and Rocha were indicted and convicted for the murder of Bencomo.

Some of the facts given above were disputed, but the foregoing is a fair statement of the occurrences at the jail that night. Corral and Losano testified that they had left the jail and completed their escape before Bencomo was killed. Then, they said, Corral went back to get a small sum of money which one of the prisoners owed him. While passing through the jailer's room, he woke up, reached for his pistol, and then Corral picked up the axe, which Losano had left leaning against the bed, and killed Bencomo. Evidently the jury did not believe this story and it is contradicted by many features of the testimony.

When arrested both Corral and Losano made statements as to the details of their escape and of the murder. Each accused the other of having done the actual killing. Each charged Rocha with having been a party to the plan for the escape and of having suggested the method of effecting it ,including advice to hit Bencomo in the stomach with the axe. There is not a particle of testimony of such advice as to an assault or attack on Bencomo excepting these statements by Corral and Losano. On the trial both of them admitted that they made the statements, but denied the truth.

The three appellants having been tried jointly and the proof consisting largely of the statements, confessions, and actions of Corral and Losano occurring after the murder and escape, much evidence was admitted generally during the trial which was properly admissible only as against the one doing the act or making the statement. That this testimony should have been so limited, and that the court intended to confine it in this way, is apparent from his instruction to the jury when the case was submitted that

the statements of Corral and Losano were not to be given "any consideration whatsoever as bearing upon the question of the guilt or innocence of Jesus Rocha, except as to statements made in his presence," and that statements should be considered only against "the defendants, who actually made them and not in any respect as bearing upon the question of the guilt or innocence of the other defendants."

At the close of the testimony for the state the court was requested to instruct the jury to return a verdict of not guilty as to Jesus Rocha on the ground of insufficient evidence as to him. The court overruled the motion, and it is here argued that this action was erroneous. To determine this question it is necessary to examine the testimony given prior to the making of the motion. In doing this we exclude from consideration the statements of Corral and Losano made when Rocha was not present, in accordance with the ruling of the trial court.

It is certain that Rocha took no part in the actual escape or the murder. During all the time that Corral and Losano were committing the actual offenses, Rocha was locked in his cell powerless to do anything. His conviction of first degree murder must necessarily have been upon the theory that he "counseled, incited, procured, aided and instigated" Corral to kill Bencomo; this being the basis outlined by the court to the jury in its instructions in this regard.

Examining the record for proof of such facts, or even facts to show that Rocha was privy to the general plan to escape, we find very little on which to base a belief in his guilt. On the day before the homicide the three prisoners were together for a considerable time in what was known as the "bull pen" of the jail, A part of the time they were playing cards together in one of the cells. One witness,

George Bentford, also a prisoner, testified that they tried to avoid him and did not mix with the other prisoners, but that he did not consider their actions suspicious. No one heard their discussions, if there were any. That afternoon Rocha had received a present of a cake, and he gave some of it to Corral and Losano. There is no other testimony as to events or conversations between them prior to the murder. These facts may show that the three appellants were on friendly terms and had an opportunity to conspire and that Rocha had a chance to instigate murder, but they are far from showing that any such conspiracy or incitation occurred. After the assault on the jailer, when Corral and Losano came back to the cell where Rocha and another prisoner were confined, they tried to open the cell door. They told Rocha that the jailer was "knocked out" and asked him where the keyes to his cell were. He replied that they were in the money box, or desk, in the jailer's room. Another prisoner, Mrs. Bradshaw, had heard the wounded jailer groaning and called to him to know what was the matter. Rocha told Corral "to go and shut her up." After speaking to Mrs. Bradshaw, Corral came back to Rocha's cell. There was some further conversation about the keys; they found they could not open the cell door, and Rocha then said: "Beat it. Leave me here and don't say nothing about it." Corral and Losano then went away and escaped from the jail. These facts in themselves can show no instigation by Rocha of the assault on Bencomo or of the escape, for the assault had already been committed and the escape already undertaken. An inference might be drawn that the return of Corral and Losano to Rocha's cell and their attempt to unlock his door was the result of a previous understanding, and Rocha's advising them to silence Mrs. Bradshaw and to leave is sufficient evidence that he was in sympathy with their escape. He was not charged as an accessory after the fact. The advice

does not make him guilty of a murder already committed. The inference as to previous participation is not in our opinion sufficiently strong that Rocha should be held responsible for Bencomo's death. The Attorney General cites no other testimony in his brief. We have carefully examined the transcript and can find none. A case somewhat analogous to this is State v. McGhee, 23 N. M. 652, 170 Pac. 739, in which the evidence was held insufficient to convict a defendant who did not actually participate in the crime. See also State v. Garcia, 19 N. M. 414, 420, 143 Pac. 1012.

[1] It follows that the state by its testimony in chief failed to prove a prima facie case against Rocha and that the motion of this appellant, directed to the insufficiency of the proof as to him, should have been sustained.

[2, 3] Appellants assign as error the refusal of the court to give the jury two instructions which they requested and its failure to give certain other instructions which they argue were necessary. The first requested instruction was as to reasonable doubt and was intended to direct the mind of each individual juror, rather than the jury as a whole, to his duty to acquit if a reasonable doubt existed. The court gave substantially the stock instruction on reasonably doubt which was approved as correct in State v. Perkins, 21 N. M. 135, 139, 153 Pac. 258, and State v. Rodriguez, 23 N. M. 156, 184, 167 Pac. 426, L. R. A. 1918A, 1016, and it sufficiently covered the requested instruction. The second we need not discuss, since there is neither argument nor authority in appellants' brief in support of it. Hawkins v. Berlin, 27 N. M. 164, 201 Pac. 108. And as to the instructions not given and not requested, it would be sufficient to say that if appellants desired additional instructions they should have requested them. Territory v. Gal-

legos, 17 N. M. 409, 130 Pac. 245. Nevertheless, considering the youth of these appellants, the gravity of their offense, the extreme penalty, their alien birth and rearing, and their apparent low mentality, we have examined the instructions given by the court to satisfy ourselves as to their sufficiency. The instructions as a whole presented the issues fairly to the jury and correctly stated the law. We see no error in them or in the failure to instruct further.

The judgment and sentence of the district court is reversed as to appellant Jesus Rocha and remanded with instructions to set aside the judgment and dismiss the cause as to Jesus Rocha and discharge him, and as to appellants Elauterio Corral and Romaldo Losano, judgment and sentence is affirmed and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.