## HUDSON V. PHILLIPS.

### SYLLABUS BY THE COURT

1. Application of section 455, c. 133, Laws 1921. which declares a tax deed to be prima facie evidence of its own validity, is not allowable in a cause pending at the time of the passage of the act, by reason of the provisions of section 34 of article 4 of the state Constitution.

#### On Motion for Rehearing.

2. Under a tax sale certificate issued to the county upon a tax sale had August 16, 1916, and assigned to a purchaser on February 7, 1920, there was no power to issue a tax deed until after the expiration of three years from the date of such assignment.

Appeal from District Court, De Baca County; Brice, Judge.

Action by Oscar Hudson against Joe Phillips. From a judgment for plaintiff, defendant appeals. Affirmed.

Keith Edwards, of Ft. Sumner, for appellant.

T. M. Noble, of Ft. Sumner, for appellee.

OPINION OF THE COURT

PARKER, C. J.   The appellee brought an action in ejectment against the appellant, and filed the ordinary complaint in such action.   The appellant filed a general denial of the allegations of the complaint.   A trial was had before the court, resulting in a judgment for the plaintiff, from which the appellant had appealed.

It appears from the transcript that the appellee showed a good paper title in himself emanating from the government.   The appellant sought to justify his entry into possession of the land under a tax deed, dated March 2, 1920, and issued by the collector upon a certificate of sale, dated August 16, 1916, and assigned by the county to a purchaser on February 7, 1920.   The court held the tax deed to be void and of no effect, and awarded judgment for the plaintiff.

[1]   It seems to be admitted by counsel for appellant that the showing which he made in support of the tax deed was insufficient in fact to establish its validity.   He relies, however, upon certain sections of chapter 133, Laws 1921, which went into effect March 12, 1921.   At this time the cause was pending in the district court, the complaint having been filed February 15, 1921.   Section 455 of the act above mentioned provides that a tax deed shall be prima facie evidence of a certain enumerated list of facts, which would seem to cover all of the questions as to the regularity of the tax proceedings.   In other words, it provides, in substance and effect, that a tax deed shall be prima facie evidence of its own validity.   Counsel admits that prior to the passage of this act no such presumption attended a tax deed since the repeal of the curative provisions of the tax laws of 1899 by chapter 84 of the Laws of 1913.   He argues, however, that the act of 1921 merely provides a new rule of evidence or procedure, and that therefore it violates no constitutional guaranty.   Assum-

ing that the act does establish a new rule of evidence
and procedure in tax cases, and acts retrospectively,
which counsel for appellee vigorously denies, owing to
some limitations in the repealing clauses of the act,
counsel for appellant is still confronted with the pro-
vision of section 34, article 4, of the state Constitution,
which is as follows:

"No act of the Legislature shall affect the right or remedy
of either party, or change the rules of evidence or procedure,
in any pending case."

This case was pending when the act in question was
passed. According to the argument of counsel for ap-
pellant, it does change the rule of evidence and proce-
dure in tax cases, of which this is one. The act, there-
fore, cannot be held to be applicable in this case with-
out holding that it is unconstitutional to the extent to
which it is involved herein, a result not to be desired.
The Legislature in section 601 of the act has attempted
to provide for just such a situation as has arisen in this
case. It follows that the act of 1921 cannot be allowed
to have any application in this cause, and that the
appellant, having failed to establish the validity of the
tax proceedings, cannot recover.

For the reasons stated, the judgment of the lower
court will be affirmed; and it is so ordered.

BRATTON and BOTTS, JJ., concur.

On Motion for Rehearing.

PARKER, C. J. Counsel for appellant has filed a
motion for rehearing and presents to the court two
propositions.

[2] He first suggests that the court misinterpreted
his brief when we said in the opinion that it seemed to
be admitted by counsel for appellant that the showing
which he made in support of the tax deed was insuf-
ficient in fact to establish its validity. We have re-
examined the brief, and find that we perhaps placed
the appellant at some disadvantage by the assumption

mentioned, and will therefore consider the validity of the tax deed as appears from the record in the case.

The district court at the conclusion of the evidence found that the validity of the tax deed was not established, and pointed out some eight particulars in which the tax procedure was faulty. No attempt was made in the lower court to avoid any of these objections suggested by the district court. It appears that the owner of the property involved returned the same for taxation for the year 1915, and that the same was assessed at $1,655, and that the state and county tax thereon was $18.44, and the school district tax 56 cents, making a total of $19. It further appears that on August 16, 1916, the property was sold to the county of Guadalupe. The tax sale certificate shows that the sale was for the sum of $32.92, which item was made up of taxes, $19; penalties, $3.23; costs, $2.52; and interest, $8.17. It is impossible, of course, that this amount could have been correct. No such amount of penalties, costs, and interest could have accumulated by August 16, 1916, upon a tax of $19 levied for 1915. In fact, the published notice of tax sale shows that on the day of sale there was due as taxes $19, interest $1.14, and costs 92 cents, making a total of $21.06. The tax certificate which bears the date of said August 16, 1916, could not in fact have been issued on the day of its date. It was probably never issued by the collector until the day it was assigned to the purchaser, which was February 7, 1920. On said day the collector of Guadalupe county assigned this tax sale certificate to the purchaser thereof for the same amount, $32.92, thus showing that the tax sale certificate was probably made upon that date. It appears, further, that this tax sale certificate was never recovered until February 9, 1920. On March 2, 1920, the tax deed under which appellant holds was executed by the treasurer, and acknowledged on the 11th day of March, 1920, and filed for record on the same day, only 31 days after the tax sale certificate had been recorded.

In Crawford v. Dillard, 26 N. M. 291, 191 Pac. 513,

we had occasion to examine Acts 1913, chapter 84, Acts 1915, chapter 78 and Acts 1917, chapter 80, covering this subject, and we there held that by the law of 1913 an owner had three years within which to redeem after the recording of the tax sale certificate. We further held that under laws of 1913, 1915, and 1917, construed together, when a tax certificate is sold, a duplicate certificate should be issued to the purchaser thereof, and the owner of the land might redeem within three years from the date of such certificate. This being the case, it is apparent that at the time of the execution of the tax deed to appellant's predecessor in title there was no authority in the collector to execute the same, and the appellant will be unable to prevail under such a deed. There are other defects in the tax proceedings, such as failure to notify the owner of the sale of the tax certificate, but it is unnecessary to consider them.

Appellant complains of the judgment in the case that the plaintiff was the owner of the land in question. It is claimed in the original briefs that plaintiff showed title to only 80 acres, and that the judgment should be modified accordingly. On just what this claim is based we are unable to ascertain from the record. The proofs show a patent from the United States to one Baxter N. Smith and a deed from Smith and wife to the plaintiff, conveying to him the entire 320 acres covered by the patent.

The further suggestion is made that the finding of ownership in the plaintiff is not within the pleadings, the allegation being confined to right to possession of the property. If the plaintiff is shown to have a good paper title to the land, and the defendant (appellant) is shown to be claiming under a void tax deed, we do not appreciate how he is concerned in the fact that the court went beyond the specific allegations of the complaint in its judgment. The judgment was correct anyway, as the title of plaintiff was put in issue as the basis of his right to possession.

It follows that the original opinion directing the

affirmative of the judgment below was correct, and should be adhered to; and it is so ordered.

BRATTON and BOTTS, JJ., concur.