[No. 3007, Jan. 15, 1927.   Rehearing Denied Feb. 12, 1927]

OLDFATHER v. TYLER

[252 Pac. 1000]

SYLLABUS BY THE COURT

1. Objections not made in the trial court cannot be considered on appeal.

2. The amount of a fee allowed to a receiver's attorney is not reviewable, except for error of law or clear abuse of discretion.

Error to District Court, Lincoln County; Mechem, Judge.

Action by Harry B. Oldfather against James L. Tyler. An order requiring a receiver to pay certain items not included in his report and to pay attorney's

[1] 3CJ p. 742 n. 3.   [2] 4CJ p. 842 n. 58.

fees was entered, and plaintiff brings error. Affirmed and remanded.

Geo. B. Barber, of Carrizozo, for plaintiff in error.

H. B. Hamilton, of Carrizozo, and Renehan & Gilbert, of Santa Fe, for defendant in error.

### OPINION OF THE COURT

WATSON, J. The writ of error herein is directed to an order made upon a receiver's final report, and upon motion of plaintiff in error for its acceptance and for the receiver's discharge.

[1] The order required the receiver to pay two small items of indebtedness not included in the report, and to pay to the receiver's attorney $200 additional to a $300 retainer which had been previously paid him by direction of court. To this additional allowance to the attorney, plaintiff in error objected and it is the only objection which the record discloses to any of the proceedings. Plaintiff in error here urges several other objections, but they are not available. Laws 1917, c. 43, § 37; State v. Garcia, 19 N. M. 414, 143 P. 1012.

[2] As to the attorney's fee, the court found:

"It appearing from the report that an objection is made on the part of George B. Barber, as attorney for Harry B. Oldfather, one of the defendants in said cause, to the payment of the $200 balance due to H. B. Hamilton, as attorney for receiver, the court finds that the sum of $500 is a fair and reasonable fee as compensation to the said H. B. Hamilton, as attorney for Henry Lutz, receiver, and that said Henry Lutz, receiver, should pay said balance of $200 to the said H. B. Hamilton before he is discharged as such receiver."

The transcript before us contains none of the evidence, if any was adduced at the hearing. We have no means of determining whether there was any abuse of discretion in the allowance. It was a matter peculiarly within the knowledge and discretion of the trial court, which we may review only for error of law in deciding it, as in Merrick v. Deering, 30 N. M.

431, 236 P. 735, or for clear abuse. Williams v. Dock-weiller, 19 N. M. 623, 145 P. 475.

The record before us showing no error, we must affirm the judgment and remand the cause, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.