[No. 3473.   Aug. 5, 1930.]

ROBINSON v. T. D. NEAL MERCANTILE CO. et al.

[290 Pac. 1023.]

See, also, 283 P. 52.

A. C. Voorhees, of Raton, for appellant.

George E. Remley, of Raton, for appellees.

OPINION OF THE COURT

SIMMS, J.

The appellant, Robinson, who lived in precinct No. 32 of Colfax county, was sued by the appellee in the justice court of precinct No. 2 upon a store account amounting to $93.55. The plaintiff firm resided or had its place of business in precinct No. 1. Robinson appeared in the justice court and contested the action on the merits; he did not question the venue or jurisdiction of the court, and when judgment went against him he paid the costs but nothing more. In subsequent garnishment proceedings he contended that the judgment was void for want of jurisdiction in the court which rendered it, and that is the one question presented by this appeal.

So far as material to this inquiry, Comp. 1929, § 147—102, reads as follows:

"Hereafter civil suits before a justice of the peace may be brought and prosecuted in. the precinct where the plaintiff or defendant or some one of them resides, or in the precinct where the contract was made, or is to be performed, or where the cause of action originated. * * *."

This is a venue statute. Parties who desire to force their adversaries to comply with its terms must take proper and seasonable steps to do so, or they will be held to have waived the question by a general appearance and contest upon the merits. Romero v. Hopewell, 28 N. M. 259, 210 P. 231. The justice had jurisdiction coextensive with the limits of the county. Comp. 1929, § 79—202. He also had jurisdiction of the subject-matter because it was a claim for debt in an amount less than $200. Comp. 1929, § 79—207. When he acquired jurisdiction of the parties by the general appearance of the defendant, the

case was ready for judgment, and no element of jurisdiction was lacking. The trial court was correct in holding that the judgment was valid.

It follows that the judgment should be affirmed and the cause remanded, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

PARKER and CATRON, JJ., did not participate.