23 P.(2d) 1083

**DURAN v. SPRINGER.**

No. 3839.

Supreme Court of New Mexico.

May 24, 1933.

Rehearing Denied July 24, 1933.

Charles F. Fishback, of Fort Sumner, for appellant.

H. R. Parsons, of Fort Sumner, for appellee.

SADLER, Justice.

Appellant, who was plaintiff below, sued in the district court of De Baca county to quiet title to a certain 320 acres of land in that county. The appellee, trial defendant, answered setting up a tax title. In support of his tax title, appellee placed in evidence a tax sale certificate showing sale of the premises to De Baca county on October 3, 1918, to satisfy taxes for the year 1917 in the sum of $11.75; an assignment of said certificate to appellee on March 28, 1921; and a tax deed, duly recorded, from the county treasurer to appellee, dated December 8, 1921. Record ownership of the premises was established in appellant as a part of his case in chief, subject only to the effect to be given the tax instruments just mentioned.

The trial court rendered a decree in favor of appellee sustaining his tax title. It is at once apparent that the decisive question in this case is whether the provisions of Laws 1921, c. 133, § 455, making a tax deed prima facie evidence, apply to the tax deed before us; or whether the effect of the deed is to be determined by the laws in force at the time the property was assessed for the year for which it was sold. The answer will be found in the effect to be given section 478 of the 1921 law as a saving clause.

We have just considered this question at considerable length in Kreigh v. State Bank of Alamogordo, 37 N. M. 360, 23 P.(2d) 1085, the opinion in which is handed down simultaneously herewith. Although the writer in the main was in accord with the views of Mr. Justice Bickley who wrote the majority opinion in that case, as to the proper construction to be given Laws 1921, c. 133, § 478, he (the writer) was nevertheless of opinion that the saving power contained in said section, construed in connection with other saving clauses in the act, was sufficient to continue in force all applicable pre-existing laws for the purpose of controlling a sale and incidents to follow same initiated under the

authority of such laws. The majority opinion as ultimately agreed upon takes an opposite view and arrives at a different result from that directed by the views entertained by the writer of this opinion.

The effect of the opinion in the Kreigh Case, as the writer views it, is that, from and after the effective date of the 1921 law, its provisions apply and govern the rights of the parties as to matters and things thereafter to be done and performed. If said section 478 was ineffective to continue in force pre-existing laws with reference to a sale and the incidents to follow same, proceedings for the conduct of which had been initiated prior to the effective date of the new law, it is difficult to understand how it could operate to continue in force such pre-existing laws as to incidents following a sale already held, but which merely occur in point of time after the effective date of the new law. The effect of the opinion in the Kreigh Case is that such pre-existing laws are not by virtue of said section 478 so continued in force. That holding by the majority is decisive of the rights of the parties in the case at bar.

Under the authority of the Kreigh Case we hold that the tax deed introduced in evidence by appellee was entitled to prima facie effect and supports the decree rendered in appellee's favor. That decree will therefore be affirmed, and it is so ordered.

WATSON, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.

On Rehearing.

SADLER, Justice.

Seeking a rehearing, the appellant makes the contention that the running of the period of redemption was never set in motion until the assignment and recording of tax sale certificate on March 28, 1921, and that a tax deed issued on December 8, 1921, thereafter, was premature and void, citing Crawford v. Dillard, 26 N. M. 291, 191 P. 513; Hudson v. Phillips, 29 N. M. 101, 218 P. 787, and Lewis v. Tipton, 29 N. M. 269, 222 P. 661. These were cases dealing either with the 1913 act under which the period of redemption was three years from date of recording the certificate, or the 1915 amendment (Laws 1915, c. 78) fixing redemption at three years from date of the certificate. They merely hold and properly that a tax deed issued within the period of redemption is premature and void and confers no right.

In the present case the sale was October 3, 1918, for 1917 taxes under the authority of Laws 1917, c. 80, which fixes redemption at three years from date of sale. The tax deed issued December 8, 1921, more than three years after sale. The period of redemption clearly had expired before deed.

Appellant next contends that if, as we have held, Laws 1921, c. 133, § 455, applies to constitute the tax deed prima facie evidence, section 452 of the same act also applies to deny the right to issue tax deed until three years after recording the certificate, thus questioning the presumptive effect

of one issued within that period. This is new argument, not urged upon us heretofore. The incongruity in the 1921 act in foreclosing redemption three years after sale, yet denying the right to deed until three years from recording certificate, has been observed by us. Timely objection to introduction of tax deed upon this ground in the court below no doubt would have resulted in its exclusion or at least in the trial court refusing to give it presumptive effect. But this objection to its admission or to its effect after admission was not there urged. It is urged here for the first time on rehearing.

If we eliminate the deed from consideration, we still have properly in the record a duly recorded tax sale certificate covering premises in dispute. It discloses a sale date leaving it beyond question that the period of redemption has long since expired plus an admission of appellant's counsel that no attempt at redemption has ever been made; on the contrary, the untenable position that the period of redemption has never begun to run. The certificate, if it be conceded as insufficient to sustain a decree for appellee, is at least a sufficient shield to resist one in appellant's favor. Witt v. Evans, 36 N. M. 365, 16 P.(2d) 60.

The record then without the deed discloses appellee as holder of a tax certificate, duly recorded, under which the right to redeem has expired and against which but two defenses, payment of taxes and nonliability of the land to taxation, neither of which is claimed to exist, could be urged. The ap-

pellee, if the deed he has is invalid, may apply for a new one at any time.

In view of this situation, we are not disposed to consider this objection, not raised below and suggested for the first time on rehearing, as one sufficient to invoke our inherent power of intervention to correct fundamental error and prevent a miscarriage of justice within the doctrine of State v. Garcia, 19 N. M. 414, 143 P. 1012.

The motion for rehearing will therefore be denied, and it is so ordered.

WATSON, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.