79 P.2d 200

**STATE v. ROMERO.**

No. 4371.

Supreme Court of New Mexico.

May 2, 1938.

Thomas R. Taggart, of Lordsburg, for appellant.

Frank H. Patton, Atty. Gen., and Fred J. Federici, Asst. Atty. Gen., for the State.

ZINN, Justice.

The defendant was charged, tried and convicted of the murder of Martina Navario. The verdict returned by the jury was that the defendant was guilty of murder in the first degree. He was sentenced to be electrocuted. From the verdict and sentence this appeal is prosecuted.

Three assignments of error are presented for our consideration.

The defendant contends in the first assignment of error that because the court refused to permit his counsel to question one Dolores Serna, a witness for the State, as to whether or not she had two children in Mexico at the time of the trial, the court thereby erred.

The defendant failed to point out, either the materiality or relevancy of the testimony sought to be elicited from this witness in its relation to the charge against the defendant. The failure to, show prejudice of any kind is fatal to this claim of error.

In the second assignment of error, the defendant takes the position that the court erroneously permitted the introduction into evidence of the gun belonging to the defendant with which he killed the deceased. The defendant claims the gun was not sufficiently identified as being the one used in the killing. We have carefully read the entire record. Dolores Serna, an eyewitness, who also was wounded by the defendant, positively identified the gun as the one used by the defendant to kill the deceased and to wound her. Other witnesses testified that the gun offered in evidence looked like the one used by the defendant when he killed the deceased. The defendant himself told the sheriff who made the arrest that this gun was the one from which the shots were fired. Unquestionably the court did not err in admitting the gun in evidence.

The third assignment is predicated upon the court's refusal to sustain the defendant's motion for a new trial and in arrest of judgment because, as claimed by the defendant, the verdict of the jury is unsupported by evidence showing malice, either express or implied. The defendant also claims that the record fails to show deliberation or lying in wait, and that the evidence is therefore insufficient to support a verdict of murder in the first degree. Thus arguing, the defendant seeks to invoke our inherent power of intervening in the interest of justice, and asks us to reverse and remand the case under the rule enunciated by this court

in the case of State v. Garcia, 19 N.M. 414, 143 P. 1012.

In the first place, the rule in the Garcia Case is invoked by us in criminal cases to protect the innocent and not the guilty.

The defendant did not testify in his own behalf, nor did any witness testify for him. We have before us only the testimony of the witnesses for the State. Viewing this testimony as did the jury that returned the verdict, we find before us a record disclosing a cruel, cold-blooded murder. The deceased was taken by the defendant by the hair, while she was apparently preparing breakfast for her children. Her hands were covered with flour dough, and she was totally unarmed. The defendant dragged her outside her abode. There the defendant shot her once between the eyes, and then, while the deceased was on the ground face down, fired a second shot into the base of her skull at the back of her head.

It is needless to go into the minute details of this sordid murder. It is sufficient to say that the evidence supports the verdict. From the facts in this case the jury was fully justified in finding that intensified malice which raises murder from the second to the first degree. Such malice is express malice. State v. Smith, 26 N.M. 482, 194 P. 869.

Malice and deliberation are questions of fact for the jury. State v. Smith, supra; State v. Bentford, 39 N.M. 293, 46 P.2d 658; Torres v. State, 39 N.M. 191, 43 P.2d 929. These elements of the crime of first degree murder, which the defendant claims are absent from the evidence, were found by the jury to be present. The record supports their finding and verdict.

Finding no error, the judgment and sentence of the court will be affirmed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.