144 P.2d 170

**BUTLER PAPER CO. v. SYDNEY.**

No. 4766.

Supreme Court of New Mexico.

Dec. 10, 1943.

Rehearing Denied Jan. 10, 1944.

Wilson & Wright, of Raton, for appellee.

Hugo Seaberg, of Raton, for appellant.

SADLER, Chief Justice.

The appellee, plaintiff below, has moved for rehearing and, upon consideration thereof, our former opinion herein is withdrawn and this opinion is substituted.

The plaintiff sought recovery from defendant of the sum of $125 on account of a certain check, of which plaintiff claimed ownership, said to have been received by defendant and converted to his own use. The plaintiff having recovered judgment on defendant's appeal from the justice court of precinct No. 28 in Colfax County, the defendant prosecutes this appeal.

Although numerous errors are assigned and these divided for argument under four points with various subdivisions, a disposi-

tion of three claimed errors will dispose of the case. The first, although denominated jurisdictional, is in essence one of venue. The second is a challenge to the jurisdiction of a justice of the peace to hear an attachment proceeding growing out of an action ex delicto. The third is a claim of fundamental error based on the contention that there was no trial de novo in the district court. We shall dispose of these assignments in the order of their statement.

██ The objection that the action was filed in the wrong precinct is not now available to the defendant. Actually, the affidavit and bond in attachment were filed in Precinct No. 31 and writ of attachment and summons both were issued and returns filed in said precinct. Whereupon, the defendant appeared and filed a statutory affidavit of disqualification against the justice of the peace in said precinct and upon application made to him by defendant, District Judge Taylor of Colfax County named the justice of the peace of Precinct No. 28 as the alternate justice to try the case. The substituted justice tried the case and rendered the judgment appealed to the district court.

In so far as defendant's objection merely challenges plaintiff's right to maintain his action in Precinct No. 31, as set out in a plea in abatement filed after disqualifying the justice of the peace, he avers (1) that neither the plaintiff nor defendant resides in said precinct; (2) that the action is not one upon any contract made or to be performed in said precinct; and (3) that the

cause of action did not originate in said precinct. However, these are matters going merely to the venue of the action and may be waived. Indeed, they were waived when the defendant appeared generally by an affidavit to disqualify the justice of the peace without questioning the venue of this transitory action. Robinson v. T. D. Neal Mercantile Co., 35 N.M. 128, 290 P. 1023; Peisker v. Chavez, 45 N.M. 159, 123 P.2d 726.

██ Next, we take up defendant's claim which questions jurisdiction of a justice of the peace to issue attachment in actions ex delicto. It is agreed that this action for conversion of a check is one ex delicto. It is an ordinary civil action at law for damages arising out of tort. We have so treated the matter in a former decision. State v. First Nat. Bank, 38 N.M. 225, 30 P.2d 728. The defendant's argument on this point is intriguing and not without some support in logic and reason. The statutory provisions covering attachment in justice of the peace and district courts from an early day and until 1929 were entirely separate and distinct in the various compilations because separate in enactment. See 1884 Comp., § 1923 et seq. covering attachments in district courts and 1884 Comp., § 2372 et seq. on same subject in justice courts. Similarly, 1897 Comp., § 2686 et seq. for district courts and 1897 Comp., § 3287 et seq. for justice courts; 1915 Code, §§ 4299 et seq. and 3241 et seq., respectively; 1929 Comp., §§ 105-1601 et seq. and 79-601 et seq; 1941 Comp., §§ 22-101 et seq. and 38-701 et seq. It is to

be noted, however, that by L.1929, c. 127 (1941 Comp., §§ 22-101 and 38-701), the legislature for the first time stated common grounds of attachment both for the district courts and for the courts of justices of the peace. Until then, grounds of attachment were much narrower in the latter courts than in the district courts. Until then, the broader grounds of attachment were by clear language of the statute limited to the district courts. However, by L. 1929, c. 127, appearing twice in 1941 Comp. —§ 22-101 under heading "Attachments" and § 38-801 under heading "Justices of the Peace and Constables", common grounds of attachment for the first time are provided for both justice and district courts: "Creditors may sue their debtors before justices of the peace or in the district courts, by attachment, in the following cases, to-wit: (here follows a statement of the grounds of attachment, nine in number)."

In an early enactment touching attachments, L. 1882, c. 5, § 1, re-enacted as part of the Code of Civil Procedure by L. 1907, c. 107, § 1, sub-section 183 (1941 Comp., § 22-102), it is provided: "Wherever an attachment may issue against the property of any person upon any debt or other action founded upon contract, attachment may also issue upon any action founded upon a tort or other action ex delictu (ex delicto); this law shall apply to actions which have heretofore or may hereafter accrue."

If this section is of general application, there can be no doubt of plaintiff's right to institute and of the justice courts to entertain an attachment proceeding based on unliquidated damages arising out of tort. But, because the statute authorizing attachments in justice courts from the beginning had spoken of an attachment against the property of "any debtor" to be issued upon the application of "any creditor" and because the section quoted last above extending right of attachment to actions ex delicto has never appeared in chapters of the various compilations dealing with practice in justice courts, but rather in chapters having relation to practice in the district courts only, the defendant with some logic, challenges the jurisdiction of a justice of the peace to entertain an attachment proceeding incident to an action in damages for tort.

The argument would be more forceful but for the amendment, L. 1929, c. 127, providing common grounds of attachment both in the justice and the district courts, the second and last section of which act expressly repealed the then existing statute, 1915 Code, § 3241, stating the grounds of attachment applicable only in justice courts. Whatever doubt, if any, may have been created on the question of legislative intent that the statute in question should have general application, seems removed by legislative action in providing common grounds of attachment in both the district and justice courts. No good reason suggests itself for authorizing the remedy in tort actions in the one court and denying it in the other. Anyhow, this was a matter for the legislature to determine and we are

constrained to hold it has authorized attachment in tort actions in both courts. Certainly, the manner and form of its original enactment do not suggest an intent that application of the statute was to be confined to actions in the district courts. It appears as a short chapter, L. 1882, c. 5, consisting of only two sections, the one extending the right of attachment to actions ex delicto; the other placing the act in immediate effect. It is only in subsequent history of the act in its journey through compilations which followed that defendant can find support for his contention in this behalf.

■ Finally, we reach the last question for decision, namely, whether fundamental error arises from the trial court's failure to try the case de novo, if it did so fail. We say "fundamental error" for the reason that upon the cause reaching the district court by appeal, the defendant's only appearance was for the purpose of filing and arguing a demurrer which challenged jurisdiction of the district court to entertain the appeal upon grounds already discussed and decided. The trial court announced it would overrule the demurrer, whereupon the defendant withdrew from the case saying he would stand on the ruling. Then followed a motion for judgment by plaintiff which the trial court granted. It was in effect a motion for judgment on the pleadings as defendant's demurrer was in effect a plea to the jurisdiction.

The defendant's claim that he was denied a trial de novo rests on the fact, sufficiently appearing, that no evidence was taken and that judgment was entered following the granting of plaintiff's motion therefor upon the overruling of the defendant's plea to the jurisdiction denominated a demurrer. The plaintiff, while frankly admitting that proof was not taken, says there was no occasion therefor in view of defendant's failure to deny material allegations of the complaint. An examination of the complaint and defendant's answer will be necessary in this connection.

As already indicated, the action was one seeking recovery from defendant in the sum of $125 on account of a check in that amount, ownership of which was claimed by plaintiff under an assignment, which check it was said the defendant had wrongfully obtained and appropriated to his own use.

The material allegations of the complaint which drew denials in the answer, if they amounted to denials, may be briefly summarized as follows:

(1) That on March 1, 1941, one Dale Bullock owned and operated the Raton Reporter, a newspaper published at Raton, to whom the State of New Mexico became indebted for advertising in the amount of $125; that on said date Dale Bullock was indebted to plaintiff and assigned to him, among other claims, the claim which he held against the State for $125, a copy of the assignment being attached and made a part of the complaint by reference.

(2) That at the time of said assignment on March 1, 1941, the defendant had actual

knowledge thereof; that thereafter he took over the management and operation of Raton Reporter and on or about March 31, 1941, or shortly thereafter, received through the mails the draft from the State of New Mexico in payment of the claim which had been assigned to plaintiff.

(3) That thereupon the defendant unlawfully negotiated the draft and converted same to his own use, to plaintiff's damage in the amount of $125.

The portions of defendant's answer material to this discussion are as follows:

"The defendant denies each and every allegation contained in the said Complaint and Affidavit, except

"Defendant admits that he received a check in the sum of $125.00 soon after the first day of March, A. D. 1941, payable to 'Raton Reporter' and that, soon after the receipt thereof he deposited said check to the credit of an account, controlled by defendant, in the International State Bank, Raton, New Mexico, in the name of 'Raton Reporter'.

"Defendant admits that the said plaintiff had at or about said time taken and received from Dale Bullock certain assignments of accounts due to said Bullock, and defendant alleges upon information and belief that the amount of such assigned accounts amounted to about the sum of fifteen hundred dollars.

"Defendant further alleges upon information and belief that the assignment of said accounts was made at a time when the said Dale Bullock was insolvent; that such assignments were a fraud upon the creditors of said Dale Bullock and this defendant, and such assignments were in violation of law and null and void, and operated as an assignment for the benefit of all creditors of said Dale Bullock.

"That the said defendant paid out the said $125.00 to creditors of the said Dale Bullock in satisfaction of debts that said Dale Bullock owed to such creditors, and that this defendant was one of such creditors. And that he did not appropriate said money or any part thereof to his own use, in violation of any law.

"That Exhibit A attached to said complaint is not a true copy of the said assignment. * * *

"Defendant further denies that the said plaintiff is a creditor of this defendant and denies that he is indebted to said plaintiff in any amount of money whatsoever."

Keeping in mind that the action is one about a check for $125 due a former owner of Raton Reporter from the State of New Mexico and assigned to plaintiff, we find the defendant admitting that he received a check in that exact amount soon after March 1, 1941, date of the assignment, which he deposited to an account controlled by him; that he exercised dominion over same and paid out the proceeds to creditors of Dale Bullock, including himself; also admitting that plaintiff had at or about the date alleged taken and received from Dale Bullock an assignment of certain accounts. Then follow the affirmative allega-

tions on information and belief that at the time of the assignment the assignor was insolvent; that the assignments were a fraud upon his creditors, were null and void and amounted to an assignment for the benefit of all assignor's creditors; that he did not appropriate said money or any part thereof to his own use in violation of any law; that Exhibit A, copy of the assignment, attached to the complaint is not a true copy thereof; and, finally, a denial that he is indebted to plaintiff in any amount whatever.

It is significant that there is no specific denial by defendant that the $125 item admittedly received by him is the same one listed in the assignment as due from the State. It is worthy of note, too, that in the face of an express allegation in the complaint of knowledge by defendant of said assignment, he makes no specific denial thereof. While it is true defendant alleges the copy of assignment attached to the complaint is not a true copy, he fails to point out wherein it is untrue and in no manner assails the integrity of the instrument. And while true, following his allegations that the assignment amounted to an assignment for the benefit of all assignor's creditors, the defendant denies that he is indebted to plaintiff in any amount whatever, that denial is in the face of an admission that he received from the State a check for $125 due Raton Reporter and appropriated the proceeds to his own use.

These considerations seemingly moved the district judge to consider the answer as frivolous and evasive and as constituting a practical admission on defendant's part that with knowledge of the assignment he received payment of an account for $125 previously assigned to plaintiff and appropriated the proceeds to his own use. An appraisal of the pleadings as warranting entry of judgment for the amount sued for, interest and costs upon the overruling of the demurrer and defendant's election to stand on the ruling, is inferentially made by the defendant himself in a document filed below entitled "Objections to Findings and Conclusions Offered by Plaintiff", in which he states: "That no issue of fact has been raised in this proceeding, justifying the court, upon sustaining (overruling) the demurrer to do any more than to give the plaintiff judgment for the amount stated in the complaint, together with costs in this Court and in the Court below, and interest on the judgment as provided by the statute."

It is to be remembered that the complaint was under oath, thus requiring a sworn answer. The district judge may have felt that defendant was approaching as nearly as he dared to denials without actually making them, mindful that he was answering under oath. If the answer did not deny the material allegations of the complaint, then there was no occasion to take proof and the defendant actually had a trial de novo. Defendant's contention that he was denied a trial de novo rests wholly upon the fact that evidence was not introduced at the trial. But if the material

allegations of the complaint are admitted, it is unnecessary to take evidence. Of course, the statutory requirement for a trial de novo of appeals to the district court from the courts of justices of the peace is mandatory. 1941 Comp., § 38-1806; State v. Gonzales, 43 N.M. 498, 95 P.2d 673. It is also true that written pleadings are not required in cases in the justices' courts. 1941 Comp., § 38-507; Crolot v. Maloy, 2 N.M. 198; Valley Products Co. v. Roybal, 37 N.M. 112, 19 P.2d 187. Nevertheless, while a written answer is not required, if the defendant elects to file one, he is confined to the issues tendered and abandons defenses which he fails to set out. Board of Education v. Astler, 21 N.M. 1, 151 P. 462; Cf. State v. Gonzales, supra. In the Astler case, supra, we said: "While it is true, as contended by appellant's counsel, pleadings are not required in the justice of the peace court to be in writing (Sec. 3255, C.L.1897), and upon appeal the case is tried de novo in the district court 'and the same rules shall govern the district court in said trial that are prescribed for the government of justices' courts' (Sec. 3317, C.L.1897), yet, where in such cases a defendant elects to file a written answer, he should be held to be confined to the issues he thereby tenders and to have abandoned such defenses as he fails to set out. Royal Fraternal Union v. Crosier, 70 Kan. 85, 78 P. 162; Johnson v. Acme Harvesting Mach. Co., 24 Okl. 468, 103 P. 638."

▆ Ordinarily, any reasonable appraisal of the pleadings by the trial court will be adhered to in this court. Cadwell v. Higginbotham, 20 N.M. 482, 151 P. 315; Tondre v. Garcia, 45 N.M. 433, 116 P.2d 584. When, therefore, on the eve of entering judgment the trial court appraised the pleadings as warranting the entry of judgment against defendant through failure of the answer to deny the material allegations of the complaint, after overruling defendant's plea to the jurisdiction, it was in truth and in law granting unto the defendant a trial de novo of the appeal brought before it by him. The court could find support for the correctness of its appraisal of the pleadings in the statement made by the defendant himself, quoted supra, and read in open court by his counsel as stated in his brief in chief filed here. In view of all of which we are unable to say the trial court placed an unreasonable construction upon the pleadings.

▆ Whether, but for this conclusion, the case would present one for application of our doctrine of fundamental error, we need not decide. The application of this doctrine represents a discretion residing in this court to be exercised "very guardedly" and never in aid of "strictly legal, technical, or unsubstantial claims" and "if substantial justice has been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here". State v. Garcia, 19 N.M. 414, 143 P. 1012, 1015. It is doubtful, although we do not decide the question, if the facts of this case would support a prop-

er application of the doctrine of fundamental error as laid down in State v. Garcia, supra. Duran v. Springer, 37 N.M. 357, 23 P.2d 1083; State v. Hunter, 37 N.M. 382, 24 P.2d 251; State v. Romero, 42 N.M. 376, 79 P.2d 200; State v. Garcia, 46 N.M. 302, 128 P.2d 459.

It follows from what has been said that the judgment of the district court should be affirmed and, it is so ordered.

MABRY, BRICE, BICKLEY, and THREET, JJ., concur.