196 P.2d 734

STATE v. SLAYTON.

No. 5073.

Supreme Court of New Mexico.

Aug. 2, 1948.

Travis B. Dean and York & Schubert, all of Hobbs, for appellant.

C. C. McCulloh, Atty. Gen., William R. Federici, and Robert V. Wollard, Asst. Attys. Gen., for appellee.

SADLER, Justice.

The defendant (appellant) was found guilty by a jury in the district court of Lea County of the crime of assault with a deadly weapon and sentenced to serve a term of imprisonment in the county jail. He prosecutes this appeal from the judgment and sentence so rendered· against and pronounced upon him.

The first claim of error is that the trial court erred in permitting the filing of an amended information at the opening of the trial. The jury had been duly impaneled and sworn and both sides had announced ready for trial, when the following proceedings took place, to-wit:

"Mr. Watts:—If the Court please, the State asks permission of the Court to file an amended information in this case.

"Mr. Dean:—We object to the filing of the amended Information because there is a difference between the original Information and the amended Information and it takes me quite by surprise and I am not ready to go to trial.

"Mr. Watts:—The original Information charged assault with intent to murder while the amended Information charges

just assault, so that the amended Information is for a lesser offense.

"The Court:—The objection will be overruled.

"Mr. Dean:—We except."

The record before us contains only the amended information, charging assault with a deadly weapon (1941 Comp. § 41-1704). The information it supersedes, however, is said to have been one charging assault with intent to murder (1941 Comp. § 41-606). At least, it was so stated by the district attorney in answering defendant's objection to the filing of the amended information. We shall so consider the matter.

The error claimed in allowing the filing of the amended information is argued under Points 1 and 2. First, it is claimed the court's ruling denied defendant the right to have copy of the information served on him twenty-four (24) hours before being called upon to plead thereto. 1941 Comp. § 42-646. This section of the Code of Criminal Procedure adds to the requirement for such service, the following:

"A failure to furnish such copy shall not affect the validity of any subsequent proceedings against the defendant if he pleads to the indictment or information."

█ The defendant made no claim **to** the right to have a copy of the amended information served on him. Indeed, entering his plea to the information, although objecting to the amendment on other grounds, would seem to bring him squarely within the language of the statute just quoted. Whether so or not, certainly, he is not to be permitted to claim the benefit of the statute for the first time in this court. In State v. Gennis, 41 N.M. 453, 70 P.2d 902, 906, we said:

"* * * a defendant may waive his right to be furnished with a copy of the information, and if he fails to demand the 24 hours' delay the validity of subsequent proceedings could not be questioned on that ground."

█ In carrying forward his argument under Point 2 in relation to filing of the amended information, counsel for defendant assert a claim of fundamental error. It is said to consist in the erroneous statement by the district attorney in the presence of the jury, upon asking leave to amend, that the original information charges "assault with intent to murder", while the amended information charges "assault", so that "the amended information is for a lesser offense." It is also claimed that fundamental error presents itself in the court's failure to direct a verdict of not guilty upon the ground that evidence of assault with a deadly weapon would not sustain a conviction under the original information charging assault with intent to murder.

The first claim of fundamental error, in effect, is but another way of seeking advantage of the trial court's failure to require service of a copy of the amended information on defendant at least twenty-four hours before calling upon him to plead thereto, notwithstanding he made no request for the service of such copy. Obviously, in presenting the objections made to an amendment of the information, counsel for defendant did not have in mind the statute in question. The confusion, if any, under which counsel labored by reason of the district attorney's inadvertent reference to the new charge as "assault", could have been quickly dispelled by examining the original on file. And if, by chance, counsel had called upon the district attorney for service of a copy of the amended information, that alone might have been sufficient to invoke the benefit of the statute, and support a claim of error, if the request were refused. But to sit by and merely claim "surprise" because of the reduction of the charge from assault with intent to murder to either "assault" or "assault with a deadly weapon", presents no error in this court for failure to apply the questioned statute, least of all a claim of fundamental error. The allowance of the amendment fails to meet the conditions under which alone the doctrine of fundamental error is applicable. State v. Garcia, 19 N.M. 414, 143 P. 1012; State v. Herrera, 28 N.M. 155, 207 P. 1085, 24 A.L.R. 1135, and Springer v. Duran, 37 N.M. 357, 23 P.2d 1083.

Nor does the claim of fundamental error based on the trial court's failure to direct a verdict of not guilty have better support than the one just disposed of. The defendant made no motion for directed verdict either at the close of the state's evidence or when both sides had rested and the case was ready to go to the jury. Under such circumstances the defendant is in no position to raise the question here. State v. Hunter, 37 N.M. 382, 24 P.2d 251. It is a sufficient answer to the argument that mere proof of assault with a deadly weapon will not support a conviction under the original information charging assault with intent to murder, to point out that defendant was not tried under the original information. The state was granted leave to file the amended information charging assault with a deadly weapon, the jury was instructed as to that charge and the evidence abundantly supports the verdict of guilty it returned into court.

It is argued under still another assignment of error that the court erred in refusing to permit defendant, testifying in his own behalf, to show specific acts of violence by the prosecuting witness, known by repute to him at the time of the assault. We have carefully examined the record on this claim of error. It fairly sustains the state's contention that defend-

ant's attorney, examining him as a witness, sought only to establish that the general reputation of the prosecuting witness for peace and quietude was bad. Not once during his examination was it made known by his attorney that he desired to show specific acts of violence. Accordingly, prompt acquiescence on the part of such attorney followed the trial court's ruling that evidence of specific acts or conduct was inadmissible to show general reputation or character, good or bad. 32 C.J. S., § 436, page 68, under topic Evidence; Stegall v. Commonwealth, 237 Ky. 694, 36 S.W.2d 338. State v. Sharpe, 170 La. 69, 127 So. 368.

The cases of State v. Adroin, 28 N.M. 641, 216 P. 1048, and State v. Davis, 30 N.M. 395, 234 P. 311, are cited in support of the defendant's contention under this assignment of error. We have no quarrel with the doctrine announced in those cases. Unfortunately for the defendant, he fails to bring himself within them by disclosing a purpose to show specific acts of violence for any bearing they might have on the accused's apprehension of danger under his plea of self-defense. State v. Stewart, 30 N.M. 227, 231 P. 692. Furthermore, if it were granted that he did, he made no offer of proof and for this reason as well, the claimed error is not available here. State v. Stewart, supra.

Finding no error the judgment of the trial court should be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE and COMPTON, JJ., concur.