Robert W. HAMILTON, Sr. and Robert W. Hamilton, Jr., Appellants,

v.

Robert G. LOTTO, Appellee.

No. 405.

Supreme Court of Alaska.

April 30, 1964.

---

George B. McNabb, Jr., Fairbanks, for appellants.

Eugene V. Miller, Dallas L. Phillips, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellee worked for appellants as a service station attendant. He brought this action for wages he claimed were owing for the period January 1 to June 13, 1960. He testified that during that period he had worked ten hours a day every day except Sunday, that his wage scale was $3.00 an hour, and that he had received partial compensation for his work in the sum of $1,-679.20. Appellants testified that appellee had never been entitled to pay at the rate of $3.00 an hour, and that he had in fact overdrawn on his salary and was indebted to appellants for the sum of $2,437.20. Appellants had no records to show the hours worked by appellee or the rate of pay for any period of employment.

The court found that appellee was entitled to wages in the amount of $1,800, and judgment was entered accordingly. Appellants contend on this appeal that there was insufficient evidence to sustain the court's finding.

We are unable to decide the issue raised by appellants because of the inadequacy of the court's findings of fact. One of the findings was that appellee was employed by appellants between 1958 and June 13, 1960, for which he was paid a salary varying from time to time, but that between January 1 and June 13, 1960, appellee "was paid $3.00 per hour for a ten hour day, six days per week." Literally read, the quoted portion of this finding says that appellee was paid all the wages he claimed were owing. This is not consistent with other findings to the effect that appellee had received only a portion of his wages in the sum of $1,679.-20, and that he was entitled to be paid an additional $1,800.

The court may have intended to find that appellee worked ten hours a day, six days a week, from January 1 to June 13, 1960, and that he was to be paid for such work at the rate of $3.00 an hour. If that is the true meaning of the court's finding, the total wages that appellee earned during the period mentioned were approximately $4,230.[1] When the sum that the parties agreed had been paid, $1,679.20, is subtracted from total wages due, the balance owing would be $2,550.80. The trial court found, however, that the balance due was $1,800. We cannot account for the discrepancy between the two amounts, nor are we able to tell upon what basis the $1,800 figure was arrived at.

Under Civ.R. 52(a) it is the duty of the trial court, by sufficiently detailed and explicit findings, to give the appellate court a clear understanding of the basis of the trial court's decision.[2] That has not been done here. The judgment is vacated and the case is remanded for the purpose of making findings of fact sufficient to indicate the basis for the ultimate conclusion reached by the trial court. If that cannot be done, a new trial shall be granted.

1. Appellee testified that his six-day work week excluded Sundays. Between January 1 and June 13, 1960 there were 141 work days for which appellee was to receive compensation at the rate of $30 a day.

2. Merrill v. Merrill, 368 P.2d 546, 548 (Alaska 1962).