526 P.2d 424

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Serafin Joe SANTILLANES, Defendant-Appellant.**

**No. 1529.**

Court of Appeals of New Mexico.

Aug. 21, 1974.

Carl J. Schmidt, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., W. Royer, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of aggravated battery. Section 40A–3–5, N.M.S.A.1953 (2d Repl. Vol. 6). The two issues are: (1) sufficiency of the evidence, and (2) cross-examination concerning a pending civil suit. Commendably, the appellate record of trial proceedings is on tapes.

*Sufficiency of the Evidence*

Defendant contends his conviction is against the weight of the evidence. We do not consider the weight of the evidence on appeal. The weight of the evidence and the credibility of the witnesses are for the jury to determine. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967). Our concern, on appeal, is whether there is substantial evidence to support the verdict. State v. McAfee, supra.

Defendant asserts the evidence is not substantial. We disagree. The evidence is: Dorado and Griego were playing pool with defendant and a fourth person. An argument began between Dorado and the fourth person. The fourth person hit Dorado with a cue stick. In the resulting altercation defendant pulled a gun, shot at Griego and missed, shot at Dorado and hit him in the leg.

■ The foregoing is substantial evidence to support the conviction. There is conflicting evidence, but our review considers the evidence in the light most favorable to support the verdict. State v. Trujillo, 85 N.M. 208, 510 P.2d 1079 (Ct.App. 1973).

*Cross-Examination Concerning a Pending Civil Suit*

■ The bias or prejudice of a witness is material because it affects the credibility of the witness. State v. Newman, 29 N.M. 106, 219 P. 794 (1923). "Bias of a witness is always relevant. Therefore pendency of a civil action by a prosecuting witness seeking damages for an assault being tried in a criminal action is a proper subject of inquiry." Villaroman v. United States, 87 U.S.App.D.C. 240, 184 F.2d 261, 21 A.L.R. 2d 1074 (1950); § 20–4–611(b), N.M.S.A. 1953 (Repl.Vol. 4, Supp.1973).

■ Defendant contends he attempted to cross-examine Dorado as to a pending civil suit based on the same facts as the criminal prosecution. He asserts the trial court erroneously refused to permit such cross-examination. We disagree.

Defendant began cross-examining Dorado about his nationality (Mexican) and his immigration papers. The State's objection to this line of questioning was sustained. Out of the presence of the jury, defendant asserted that he could properly question Dorado in an attempt to impeach him, that he had two lines of questions that went to Dorado's credibility. One asserted line of questions went to Dorado's immigration status. The second line went to "a civil lawsuit pending in this matter."

The trial court refused to permit either line of questioning. In ruling on the proposed questioning concerning a civil suit, the trial court remarked that while defendant was entitled to test Dorado's credibility, defendant could not "produce evidence" about a civil suit, and that the materiality of a civil suit had not been demonstrated. Nowhere in the colloquy between the court and defendant, was the court given any information about the civil suit. No tender of evidence was made. The trial court was never informed that Dorado had anything to do with a civil suit.

In the cross-examination of Griego, the trial court permitted defendant to establish that Griego and Dorado were plaintiffs in a civil damage suit against defendant. The difference in the cross-examination of the two witnesses is explained by the remark made by the trial court in allowing Griego to be questioned: "Now if you have any questions to ask of this witness including the fact that he filed a civil suit to test his bias or credibility, I will allow you to ask those on cross-examination. But I will not let you prove a civil suit."

Because the substance of the evidence was not made known to the trial court and was not apparent from the context of the colloquy between court and counsel, the trial court did not err in prohibiting the questioning of Dorado concerning an unidentified civil suit. Section 20–4–103(a)(1), N.M.S.A.1953 (Repl. Vol. 4, Supp.1973); State v. Slayton, 52 N.M. 239, 196 P.2d 734 (1948); State v. Martino, 27 N.M. 1, 192 P. 507 (1920).

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.