**Walter WIGGER, Appellant,**

v.

**Thomas E. OLSON et al., Appellees.**
**No. 2108.**

Supreme Court of Alaska.
March 17, 1975.

Patrick E. Murphy, Fairbanks, for appellant.

Charles E. Tulin, Anchorage, for appellees.

## OPINION

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and FITZGERALD, JJ., and DIMOND, J. Pro Tem.

DIMOND, Justice Pro Tem.

The sole question raised on this appeal is the alleged failure of the trial court to make specific findings of fact and conclusions of law resolving the various issues raised by the pleadings and conflicting testimony.

In his original complaint the appellant, Wigger, claimed a partnership existed consisting of himself and appellees Olson, Klemm and Fairchild. He sought dissolution of the partnership and an accounting. In an amended complaint Wigger alleged alternatively that, if a partnership did not exist, he was entitled to damages by reason of appellees' failure to enter into a partnership after having agreed to do so.

There is no question that Wigger, Olson, Klemm and Fairchild were, at one time or another, involved in various business transactions concerning an air taxi service. The evidence is also undisputed that there was a partnership. But there was sharp conflict of testimony as to whether Wigger was a member of the partnership.

Olson's testimony was to the effect that he had formed a partnership under the name of Fort Yukon Air Service and that

Klemm and Fairchild were the other partners, that Wigger was not a partner, and that he and Wigger had intended to form a corporation with the latter putting up $100,000 in revenue-producing assets.

Wigger, however, claimed that in September, 1967, he was a partner with Olson and Klemm in a partnership named O.K. Air. Later, Wigger asserted, Fairchild became a partner because O.K. Air was having difficulty getting an air taxi operating certificate from the state, and Fairchild, doing business as Fort Yukon Air Service, owned such a certificate. The partnership then became known as Fort Yukon Air Service.

Wigger also testified to numerous activities in which he engaged on behalf of the alleged partnership, involving land acquisition and preparation, the purchase and financing of aircraft, and arranging possible construction of buildings for use in the business. Both Wigger and Olson gave conflicting testimony in regard to transactions between them regarding alleged partnership assets.

The trial court held against Wigger. There were no formal findings of fact and conclusions of law. In its brief memorandum opinion the court stated:

> While there can be little question that these parties entertained an interest in promoting a business at one time, I cannot find any point of negotiation and planning that indicates a meeting of the minds on the barest essentials of a business relationship approaching a partnership. I cannot even find the barest format of a corporate promoters relationship such as would prescribe fiduciary duty to the ultimately formed corporation, which incidentally did not materialize to active status. The entire course of negotiation seemed more to be the separate individual approaches of the plaintiff and the defendants. To find either liable to the other would require conjuring up some kind of an equitable theory heretofore unknown and even then a comparison of the burdens suffered by both parties could conceivably balance if time and wages were considered. I cannot even find a meeting of the minds establishing an agreement to make an agreement as pleaded in plaintiff's Count II.
>
> Accordingly I am obliged to find against the plaintiff and for the defendants, as the plaintiff had the burden of proof.

■ Civil Rule 52(a)[1] requires the court, in actions tried upon the facts without a jury, to "find the facts specially and state separately its conclusions of law." On a number of occasions we have stated the purpose of this rule and what it requires. As we said in Graham v. Rockman,[2] quoting from the earlier case of Merrill v. Merrill:[3]

> As one well recognized authority pointed out, findings of fact under Rule 52(a) have a threefold purpose: "as an aid in the trial judge's process of adjudication; for the purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review." To particularize, the requirement that the trial judge file findings of fact gives assurance that he has exercised care in ascertaining the facts, and has employed both skill and judgment in reducing his thoughts on contested matters to precise and pertinent findings while the evidence is still fresh in his mind. Further, under Rule 52(a), it is the duty of the trial court by sufficiently detailed and explicit findings "to give the appellate court a clear understanding of the basis of the

1. Civil Rule 52(a) provides in part:
   In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon . . . .. If an opinion or memo-randum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

2. 504 P.2d 1351, 1355 (Alaska 1972).

3. 368 P.2d 546, 548 (Alaska 1962).

trial court's decision, and to enable it to determine the ground on which the trial court reached its decision." [4]

It was the trial judge's obligation to reduce his resolution of contested matters to precise and pertinent findings, in order to demonstrate that he had exercised care in ascertaining the facts [5] and to clarify the court's decision for purposes of appellate review. We find that he has not done that in this case.

The judge simply made the conclusory finding that there was no meeting of the minds "on the barest essentials of a business relationship approaching a partnership." It appears from this that he found there was no partnership at all, despite the fact that all of the parties had agreed that Fort Yukon Air Service was a partnership comprised at least of three of the appellees. Whether Wigger was also a partner was a matter in dispute, with Wigger claiming he was a partner and the appellees claiming he was not. Furthermore, the judge did not mention the various activities Wigger had engaged in which, according to Wigger, pointed to his being a partner with appellees. The judge merely said that "the entire course of negotiating seemed more to be the separate individual approaches of the plaintiff and the defendants."

■ We do not understand for what purpose or toward what end the "separate individual approaches" were made, and what those approaches were. In a case like this where the testimony of the parties is in direct conflict, and the result depends on which witnesses were credible and which were not, it would have been most helpful if the judge had included in his finding his judgment as to the credibility of the principal witnesses,[6] Wigger and Olson, and resolved the conflict between them. A partnership is an association of two or more persons to carry on as co-owners a business for profit.[7] If Wigger's testimony is taken as true, then there should have been an explanation from the judge as to why a partnership was not in existence with Wigger as a member of the partnership.

■ The facts in the memorandum decision are simply not detailed enough to give us a clear understanding of the basis of the trial court's decision, and to enable us to determine the ground on which the court reached its decision.[8] As the United States Supreme Court stated in Dalehite v. United States: [9]

The well-recognized difficulty of distinguishing between law and fact clearly does not absolve district courts of their duty in hard and complex cases to make a studied effort toward definiteness. Statements conclusory in nature are to be eschewed in favor of statements of the preliminary and basic facts on which the District Court relied.[10]

The judge's memorandum decision was not made until approximately nine months after the trial had ended. This delay, which was unavoidable because of the illness of the trial judge, put both the judge

---

4. 504 P.2d at 1355. *See also* Bohm, v. State, 453 P.2d 410, 411 (Alaska 1969); Vaara v. Ketchikan Spruce Mills, 432 P.2d 618, 623 (Alaska 1967); Stock & Grove, Inc. v. City of Juneau, 403 P.2d 171, 176 (Alaska 1965); Hamilton v. Looto, 391 P.2d 948, 949 (Alaska 1964); Dickerson v. Geiermann, 368 P.2d 217, 219 (Alaska 1962).

The use of a memorandum opinion is appropriate, as Civil Rule 52(a) provides. See note 1, *supra*. But as in the case of formal findings of fact and conclusions of law, the memorandum opinion must be in sufficient detail as to provide a clear understanding of the basis of the trial court's decision.

5. Merrill v. Merrill, 368 P.2d 546, 548 (Alaska 1962).

6. Bohm v. State, 453 P.2d 410, 412 (Alaska 1969); Irish v. United States, 225 F.2d 3, 7–8 (9th Cir. 1955).

7. A.S. 32.05.010(a).

8. Graham v. Rockman, 504 P.2d 1351, 1355 (Alaska 1972); Merrill v. Merrill, 368 P.2d 546, 548 (Alaska 1962).

9. 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

10. *Id.* at 24, 73 S.Ct. at 962, 97 L.Ed. at 1435, n. 8 (citations omitted).

and the appellate court at a disadvantage because after that length of time it is unlikely that the evidence was still fresh in the trial judge's mind.[11] That may have accounted for the inadequacy of the findings.

The case is remanded to the trial judge for more specific findings.

ERWIN, J., not participating.

11. Merrill v. Merrill, n. 9, *supra.*