**Rudy JOHNSON, Appellant,**

v.

**Linda JOHNSON, Appellee.**

**No. 2709.**

Supreme Court of Alaska.

Jan. 16, 1976.

Richard Whittaker, Ketchikan, R. Collin Middleton of Wagstaff & Middleton, Anchorage, for appellant.

Edward G. King of Ziegler, Ziegler & Cloudy, Ketchikan, for appellee.

OPINION

Before BOOCHEVER, C. J. and CONNOR, ERWIN, and BURKE, JJ., and DIMOND, J. Pro Tem.

PER CURIAM.

Rudy Johnson is appealing from a judgment of divorce which awarded custody of the children to his former wife, Linda Johnson. The superior court denied Mr. Johnson's motion to appeal at public expense, and he has presented the motion to this court for its determination.[1]

---

1. Appellate Rule 35(a)(1)[a] authorizes appeals at public expense in civil matters upon a party, among other showings, filing an affidavit detailing his inability to pay fees and costs or to give security for fees and costs. Appellate Rule 35(a)(4)[b] provides:

If the motion is denied in whole or in part [by the superior court]:

[b] The party who made the original motion has ten days from the entry of the order denying the motion to file with the supreme court a motion to appeal or petition for review at public expense. The motion shall be accompanied by copies of the affidavits and statement of points filed in superior court, and by a copy of the reasons given by the superior court for its action.

Appellate Rule 35(a)(4)[a] states that if the motion to appeal at public expense is denied in whole or in part, the superior court "shall state in writing the reasons for the denial".

In a letter to the clerk of the supreme court, which was served on counsel for the parties, the superior court judge set forth his reasons for denying Mr. Johnson's motion to appeal at public expense. The judge states in part:

Mr. Johnson has employment as a telephone installer and has some assets. He has accumulated many liabilities, especially because of the subject divorce action and child custody battle. There is no question that Mr. Johnson would find it difficult, if not impossible, to personally pay the costs of an appeal.

This would tend to show that Mr. Johnson could not finance the appeal himself and would be entitled to appeal at public expense.

In the following paragraph of the letter, however, the judge states that Mr. Johnson was receiving financial assistance for the appeal from a "father's rights organization".[2] This would indicate that perhaps he was able to finance the appeal and would not be entitled to appeal at public expense.

According to the superior court judge's letter to the clerk of this court, Mr. Johnson's ability to finance the appeal was the only criterion considered in denying his motion. Because of the contradictions in the letter as to Mr. Johnson's ability to pay for the appeal, this court is unable to clearly understand the basis of the judge's decision.

Linda Johnson, in opposing Rudy Johnson's motion to appeal at public expense, refers to the following statement allegedly made by the judge in court when considering the motion:

. . . I find, when [a] Mr. Johnson has expended money, as he has, accumulating the debts which he has in the last several months in this case, and then refuses to explain what those expenses are, and I find that also some of those expenses were not consistent with good judgment for parties of limited means and the issues to be decided by the Court, I am in no position to permit him to appeal at public expense. . . .

Mr. Johnson's rapid, unexplained, and unwise accumulation of debts was thus the reason offered by the judge in court for denying the motion. This reason is not mentioned at all in the judge's letter to the clerk of this court.

In making a written statement of the reasons for denying a motion to appeal at public expense, the judge should take care to state with particularity and in detail the preliminary and basic facts on which he relied, to the same extent as he is obliged to do in making findings of fact under Civil Rule 52(a). Only if he follows this course will we be able to have a clear understanding of the basis of the judge's decision.[3] That was not done in this case.

Rudy Johnson's motion to appeal at public expense is remanded to the superior court for redetermination.[4] If the court decides to grant the motion, it should explore the possibility of repayment by

2. In his affidavit filed with this court in support of the motion, appellant states that the money from the "Father's Rights Appeal Fund," amounting to $1,000, has all been used for appellate attorney's fees and that currently he is unable to pay any court fees, which include the cost of a transcript estimated by the superior court to be $2,500.

3. *Wigger v. Olson*, 533 P.2d 6, 7–8 (Alaska 1975).

4. The trial judge also suggests in his letter that it is more appropriate for the supreme court, with its state-wide view of the situation, to decide if Rudy should be given an appeal at public expense. We emphasize that Appellate Rule 35(a), as amended July 1, 1975, places primary responsibility in the superior court to determine whether an appellant should be allowed to appeal at public expense.

Rudy Johnson of the costs of appeal in installments.[5] If the motion is denied, the court should state in writing its reasons for the denial under the criteria set forth in Appellate Rule 35 and as announced in

this opinion. This court should be advised of the action taken by the superior court.

Remanded.

RABINOWITZ, J., not participating.

---

5. Appellate Rule 35(a)(5) provides:
   Leave to file at public expense granted by the superior court or the supreme court may be conditioned on repayment of costs to the state. The conditions may include the imposition of liens in favor of the state on costs, attorney fees and other recoveries awarded to the indigent appellant or petitioner.