This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                             **NO. 31,741**

**LARRY LUEVANO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**J. Richard Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

The Appellate Law Offices of Scott M. Davidson
Scott M. Davidson
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Larry Luevano (Defendant) was convicted of one count of criminal sexual penetration in the first degree of a child under thirteen years of age (CSPM), pursuant to NMSA 1978, Section 30-9-11(D)(1) (2009). Defendant appeals, arguing that: (1) there was insufficient evidence to support his conviction; (2) the district court fundamentally erred in admitting evidence of other uncharged sexual acts; and (3) his trial counsel was ineffective. We affirm.

**BACKGROUND**

**{2}** Following allegations by his stepdaughter (Victim), Defendant was charged with one count of first-degree CSPM. The criminal information alleged that "on or about October, 2009, . . . [D]efendant did cause [Victim] to engage in the insertion, to any extent, of his fingers into the vagina of [Victim], and [Victim] was twelve years of age or younger" at the time of the penetration. At trial, Victim testified that Defendant penetrated her vagina with his finger(s), not once as alleged in the indictment, but on four separate occasions over a four-year period. While Victim could not recall the specific dates of the penetrations, she testified that each took place within New Mexico, and the last incident occurred around Halloween 2009, before she turned twelve years old. At no point did Defendant object to admission of

Victim's testimony regarding the three uncharged acts of CSPM; moreover, Defendant's counsel cross-examined Victim regarding these uncharged acts.

{3}	At the conclusion of the State's case, the defense moved to "dismiss . . . or for a directed verdict" on the basis that Victim's testimony was sporadic, and the State failed to meet its burden to establish a prima facie case. The court denied the motion, stating that the issues raised by the defense were for the jury to resolve, and "a reasonable trier of fact could find [Defendant] guilty." Defendant took the stand and testified that he never sexually penetrated Victim and speculated that the allegations arose from an argument with Victim. Contrary to Defendant's testimony, the jury returned a guilty verdict on the single count of CSPM.

**DISCUSSION**

**I.	Sufficient Evidence Supported Defendant's Conviction**

{4}	Defendant argues that Victim's testimony was inherently unreliable and as such was insufficient to justify a determination of guilt beyond a reasonable doubt when considered by a rational factfinder.[1] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Fierro*, 2014-NMCA-004, ¶ 35, 315 P.3d 319

---

[1]Although Defendant reserves the argument related to insufficient evidence for later in the brief in chief, for the purposes of brevity and clarity, we address it first.

3

(internal quotation marks and citation omitted). "[S]ubstantial evidence [is] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted). Evidence is reviewed in the light most favorable to upholding the verdict. *Fierro*, 2014-NMCA-004, ¶ 35. Questions regarding the credibility of witnesses and the weight to be given of their testimony are determined by the jury. *State v. Vigil*, 1975-NMSC-013, ¶ 16, 87 N.M. 345, 533 P.2d 578. Where a jury verdict in a criminal case is supported by substantial evidence, the verdict will not be disturbed on appeal. *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314.

**{5}** Here, Defendant was charged with CSPM, pursuant to Section 30-9-11(D)(1). To convict Defendant of this charge, the jury was instructed that it must find that the State proved beyond a reasonable doubt that: (1) "[D]efendant caused the insertion, to any extent, of his finger into the vagina of [Victim];" (2) Victim "was a child under the age of thirteen (13);" and (3) "[t]his happened in New Mexico on or about October 2009." *See* UJI 14-957 NMRA.

**{6}** Our review of the record indicates that Victim testified that around Halloween 2009, at her home, Defendant penetrated her vagina with his finger(s). Specifically, Victim stated that "the last time [she could] remember," Defendant "once again put

4

[a] blanket over [them] . . . and then he did what he did last time." The State sought to clarify this statement, and Victim acknowledged that she was "talking about [Defendant] putting his finger in [her] vagina." Victim stated that this occurred in her home, which she previously testified was located in Artesia, New Mexico. Victim's testimony satisfied each element required for conviction of CSPM. *See* UJI 14-957. Although Defendant argues that "[n]o rational factfinder could have found that the State had proved the essential elements of the offense beyond a reasonable doubt in light of the many gaps in [Victim's] memory . . . and the inherent implausibility of . . . her testimony," it is the duty of the jury to weigh the credibility of the witnesses. *State v. Santillanes*, 1974-NMCA-092, ¶ 2, 86 N.M. 627, 526 P.2d 424. "We emphasize that the finder of fact, not an appellate court, must reconcile any conflicts in the evidence and determine where truth and credibility lies. The fact finder can choose to believe the State's testimony and disbelieve Defendant's version of events." *Fierro*, 2014-NMCA-004, ¶ 40. Viewing the evidence in the light most favorable to the verdict, we conclude that the testimony of Victim is sufficient to support Defendant's conviction.

**II.    The District Court Did Not Commit Fundamental Error in Admitting the Other Acts Evidence**

{7}    As a second point of appeal, Defendant argues that the district court erred in admitting testimony regarding uncharged incidents of CSPM as this evidence was

5

inadmissible under Rule 11-404(B) NMRA. Because Defendant failed to raise an objection to this testimony in district court, we review only for fundamental error. *See* Rule 12-216(B)(2) NMRA (providing an appellate court the discretion to review questions of fundamental error or fundamental rights as an exception to the preservation rule); *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633; *State v. Laney*, 2003-NMCA-144, ¶ 47, 134 N.M. 648, 81 P.3d 591. "For an error to be deemed fundamental, it must go to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *State v. Romero*, 2013-NMCA-101, ¶ 8, 311 P.3d 1205 (internal quotation marks and citation omitted). In order for us to determine that a fundamental error occurred, we must conclude that the error was of such magnitude that it affected the outcome of the trial, resulted in a denial of substantial justice, a miscarriage of justice, or a conviction that shocks the conscience. *State v. Dietrich*, 2009-NMCA-031, ¶ 30, 145 N.M. 733, 204 P.3d 748.

{8}     Rule 11-404(B)(1) prohibits the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pursuant to this rule, Defendant argues that Victim's testimony regarding the uncharged incidents of CSPM were highly

6

prejudicial, and the jury likely submitted a guilty verdict based on this testimony, as there was insufficient evidence to convict based on the testimony related to the charged offense. Initially, we note that we have already determined that Victim provided sufficient testimony to establish each of the requisite elements for the October 2009 charge of CSPM. Based on a note the jury submitted inquiring into the other incidents Victim had alleged in her testimony, Defendant argues that the jury based its verdict upon "[its] belief that [the crime] might have occurred on one or more of the times discussed at . . . trial." Responding to the note, the district court instructed the jury that it "must rely on the instructions presented" to it. The record indicates that the jury was instructed that in order to convict Defendant, it must have found that the penetration occurred "on or about October 2009." The jury was not instructed as to any other date, and was further instructed that it is the duty of the jury to "follow the law as contained in [the] instructions." Our Supreme Court has determined that we presume juries have followed the written instructions provided to them. *State v. Smith*, 2001-NMSC-004, ¶ 40, 130 N.M. 117, 19 P.3d 254. Moreover, under Rule 11-404(B), we note that it is not certain that the testimony of other acts would have been disallowed in the first instance. Exceptions to Rule 11-404(B) include admitting evidence for "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Rule 11-404(B)(2). We have in the past upheld allowance of other acts evidence in the context of sexual abuse. *See State v. Sena*, 2008-NMSC-053, ¶¶ 16-17, 144 N.M. 821, 192 P.3d 1198; *State v. Trujillo*, 1995-NMCA-008, ¶ 18, 119 N.M. 772, 895 P.2d 672.

{9}    We conclude that Defendant has failed to demonstrate that the admission of the testimony related to the uncharged incidents of CSPM was of "such magnitude that it affect[ed] the outcome of the trial[,]" resulted in a denial of substantial justice, miscarriage of justice, or a conviction that shocks the conscience. *Dietrich*, 2009-NMCA-031, ¶ 35. Accordingly, we will not reverse Defendant's conviction on the basis of fundamental error.

**III.    Defendant Failed to Establish a Prima Facie Case of Ineffective Assistance of Counsel**

{10}    Defendant's final argument is that he received ineffective assistance of counsel based on defense counsel's: (1) failure to object to Victim's testimony about the first three incidents of criminal sexual penetration, and (2) misguided arguments to both the judge and jury, including a statement during closing argument indicating agreement with the prosecutor. Defendant requests that this Court grant a new trial with effective counsel or remand for an evidentiary hearing to determine whether counsel was effective. Defendant additionally requests that this Court not preclude him from pursuing his claim in a collateral habeas corpus proceeding.

**{11}** We review ineffective assistance of counsel claims de novo. *State v. Bahney*, 2012-NMCA-039, ¶ 48, 274 P.3d 134. A prima facie case of ineffective assistance of counsel requires that Defendant demonstrate that: "(1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense." *Id.* To satisfy the prejudice prong, a defendant must show that there is a reasonable probability that the outcome of the proceeding would have been different "but for" the errors of counsel. *State v. Hernandez*, 1993-NMSC-007, ¶ 28, 115 N.M. 6, 846 P.2d 312 (internal quotation marks and citation omitted). Deficient performance is established when defense counsel's "representation fell below an objective standard of reasonableness." *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 (internal quotation marks and citation omitted). We review counsel's performance in a "highly deferential" manner and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 50, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted). We will not second guess the trial tactics and strategies of counsel in reviewing a claim of ineffective assistance of counsel. *State v. Jacobs*, 2000-NMSC-026, ¶ 49, 129 N.M. 448, 10 P.3d 127.

{12}     Defendant first contends that defense counsel was ineffective in failing to object to Victim's testimony about the first three incidents of CSPM. Defendant contends that counsel's failure to object to the testimony regarding the uncharged acts created a presumption of prejudice that Defendant's counsel was ineffective based upon the likelihood that the jury rendered its verdict upon this testimony. Defendant fails to cite to any caselaw in support of this contention and provides us with little more than this mere assertion. Defendant's belief that the jury inappropriately relied on this testimony in reaching its verdict is insufficient to establish a prima facie case of ineffective assistance of counsel. *See State v. Jim*, 2014-NMCA-___, ¶ 31, ___ P.3d ___, (No. 31,008, April 3, 2014) (holding that the defendant failed to establish a prima facie case of ineffective assistance where he failed in provide any argument in support of his assertions). We have already determined that there was sufficient evidence to support Defendant's conviction, and we cannot conclude that the outcome of the trial would have been different had counsel objected to the admission of Victim's testimony as to the uncharged acts. We cannot conclude, based on the record before us, that there was no rational or plausible strategy or tactic to explain counsel's conduct. Accordingly, we determine that Defendant failed to establish a prima facie case of ineffective assistance as to this claim on direct appeal.

{13}      Secondly, Defendant asserts that his trial counsel was ineffective in arguing credibility issues to the judge on the directed verdict motion, arguing "technical legal issues to the jury in closing argument," and indicating agreement "with 'a lot' of what the prosecution argued in closing argument." Regarding this aspect of his arguments, we note that Defendant provides no further argument or specific explanation related to the assertion that counsel presented improper arguments to the judge and jury. Such general arguments have been rejected by this Court as a basis to establish ineffective assistance. *Id.* Furthermore, our review of the record shows that defense counsel did not indicate agreement with the prosecutor as to the evidence presented, or as to Defendant's guilt as the brief in chief implies. Defense counsel stated that he agreed with the prosecutor that "at this point in the trial, [the jury] probably already made [its] mind up" and generally agreed with the prosecutor's statement that the jurors had a "very difficult decision" to make, but maintained clearly that the jury had a very difficult decision to make given the testimony in the case. Without citing to any caselaw in support of his contention and without providing any legal argument, Defendant asserts that the "errors of counsel served no tactical or strategic purpose, and fell below the standard of competent counsel, and prejudic[ing Defendant's] right to a fair trial." This mere assertion is insufficient to establish a prima facie case of ineffective assistance of counsel. *Id.* Because Defendant has failed to establish a prima

facie case on either of his claims, we deny his request for a new trial. *See State v. Baca*, 1997-NMSC-059, ¶¶ 30, 38, 124 N.M. 333, 950 P.2d 776 (denying the defendant a new trial on the basis that he failed to establish a prima facie case for ineffective assistance of counsel). We additionally deny his request for an evidentiary hearing on the same basis. *See State v. Swavola*, 1992-NMCA-089, ¶ 3, 114 N.M. 472, 840 P.2d 1238 ("We . . . limit remand to those cases in which the record on appeal establishes a prima facie case of ineffective assistance."). However, our conclusion that Defendant failed to establish a prima facie case of ineffective assistance "in no way impairs Defendant's ability to later bring such a claim in a habeas proceeding." *Bahney*, 2012-NMCA-039, ¶ 53.

**CONCLUSION**

{14} For the foregoing reasons, we affirm Defendant's conviction.

{15} **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

12

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**