This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                 **No. 33,870**

**ALBERT DELAO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}    Defendant appeals from the memorandum opinion of the district court entered in an on-record appeal, which affirms the sentencing order entered by the metropolitan court. The metropolitan court found Defendant guilty of DWI (first offense) and careless driving. Unpersuaded that Defendant demonstrated error in the metropolitan court proceeding, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. After due consideration of Defendant's response, we remain unpersuaded. Accordingly, we affirm Defendant's convictions.

{2}    At the center of the dispute in this appeal is the officer's prior statement made in a pretrial interview in a different case. [RP 113:18-19] The prior statement made by the officer was that he did not like to use his dash cam because he believes defense attorneys use the videos to get cases dismissed. [RP 113:19-22] The same officer in the present case did not use his dash cam, and the officer testified that it was because the dash cam was not working because he did not have a disk for it. [RP 113:16 to 114:1, 18-19] The officer further stated in the present case that if the dash cam were working, then he would have used it. [RP 114:20-21]

{3}    From Defendant's docketing statement, we understood his issues to argue: Defendant should have been able to impeach the officer by admission of the prior inconsistent statement under Rule 11-613 NMRA; the metropolitan court improperly

2

limited cross-examination of the officer; and insufficient evidence was presented to support his convictions. [DS 6-21, 21-22] Our notice proposed to affirm on grounds that the officer's prior statement was not relevant to whether Defendant committed DWI in the current case; the prior statement was not inconsistent with the officer's current testimony; Defendant did not otherwise establish that the metropolitan court improperly limited cross-examination; and sufficient evidence was presented to support Defendant's convictions. In response to our notice, Defendant recites a nearly identical and lengthy statement of facts that appeared in his docketing statement, [MIO 1-21; DS 1-21] but lists only one issue. [MIO 21] The memorandum in opposition contends that the metropolitan court erred by limiting cross-examination about the officer's use of video in DWI investigations. [MIO 21-26] Defendant does not indicate that he opposes our proposed disposition on any other grounds. The failure to respond to our proposed holding regarding the lack of inconsistency between the officer's prior statement and his current testimony is deemed abandoned, as is Defendant's challenge to the sufficiency of the evidence. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (indicating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

{4}     Defendant's remaining challenge on appeal is his argument that the metropolitan "court erred in limiting cross-examination about Officer Carr's use of video in DWI investigations." [MIO 21] Defendant does not clearly and specifically state under this issue how the metropolitan court limited cross-examination, nor does he clearly and specifically state why it was error. Rather, Defendant's response relies on broad principles regarding impeachment and relevancy, indicating that impeachment of a witness's credibility is permitted by the Rules of Evidence [MIO 21], and bias is relevant and never collateral. [MIO 22] Defendant's argument does not directly respond to important points made in our notice.

{5}     Namely, the defense attempted to impeach the officer's credibility about his non-use of the video dash camera with an out-of-court statement the officer made in a different case that the defense sought to introduce in the current case for the truth of the matter asserted in the statement. There are obvious obstacles for such a statement to come into evidence: hearsay and relevance. In order for this out-of-court statement to be considered non-hearsay, it needs to fall within one of the categories of statements deemed non-hearsay under Rule 11-801(D) NMRA. In order for this out-of-court statement to be admitted as an exception to the rule against hearsay, Rule 11-802 NMRA, it must fall within one of the exceptions under Rule 11-803 NMRA, given that the officer was available as a witness in this case. Our notice observed that

4

the metropolitan court ruled that defense counsel could ask questions that might elicit testimony from the officer that was inconsistent with his prior statement and then use the prior statement to impeach the officer. [RP 118:17-19] We continue to believe that the metropolitan court's limitation on the use of the prior statement is consistent with Rule 11-801(D)(1)(a), providing that a witness's prior sworn statement is not hearsay where is it inconsistent with the witness's current testimony. We also continue to believe that proving the prior statement's inconsistency with the current testimony would bring the statement within the realm of appropriate, relevant impeachment, to the extent that Rule 11-613 NMRA might apply. [RP 114:2-5, 117:8-18] *See, e.g.*, *State v. Gomez*, 2001-NMCA-080, ¶ 17, 131 N.M. 118, 33 P.3d 669 (indicating that a foundational requirement under Rule 11-613 for cross-examination of a witness on a prior statement made by the witness in earlier proceedings of the same case is the inconsistency of the witness's statement with the witness's testimony). As we stated in our notice, the metropolitan court even offered suggestions for questions that might elicit inconsistent testimony. [Id.] Our notice suggested that, at trial, defense counsel did not pursue a full line of questioning that elicited an inconsistent statement from the officer. [RP 119] Defendant's response does not contradict this Court's observation in the notice. In fact, as indicated earlier, Defendant's response does not even attempt to argue that the prior out-of-court

statement was inconsistent with the officer's testimony in this case. We fail to see how this prior statement can be introduced without overcoming the rule against hearsay.

{6} To the extent Defendant argues that cross-examination into the statement should have been permitted because bias is always relevant [MIO 22], we are not persuaded by the authority on which Defendant relies. Defendant relies on *State v. Santillanes*, 1974-NMCA-092, ¶ 5, 86 N.M. 627, 526 P.2d 424, for this proposition. [MIO 22] In that case, however, this Court was not specifically addressing the use of a prior out-of-court statement in cross-examination, and we affirmed the trial court's limitation on cross-examination of the witness because the potential bias of the witness was not properly presented. *Id.* ¶¶ 7-10. Defendant also relies on *State v. White*, 1954-NMSC-050, ¶ 15, 58 N.M. 324, 270 P.2d 727, for a similar proposition. [MIO 22] In *White*, our Supreme Court reversed the district court's exclusion of defense witnesses—who would have testified about the prosecution's witness's threats and attempts to keep other defense witnesses from appearing and testifying at the trial—holding that the excluded witnesses' testimony was not collateral and was not properly excluded when offered to prove bias or interest of the prosecution's witness. *Id.* ¶¶ 13-15. Hearsay was not an issue discussed in *White*. Also, the relevance of the

6

defense witnesses' testimony in *White* is far more clear than is the relevance of a statement made by the officer in a pretrial interview in another case.

{7} Also, Defendant does not explain why the officer's prior statement made in a different case—that he did not like to use his dash cam because he believes defense attorneys use the videos to get cases dismissed [RP 113:19-22]—is relevant to the jury's decision in the present case. [RP 114, 116]

{8} As we stated in our notice, it appears that Defendant wanted to use the substance of the officer's prior statement from another case to suggest that the officer does not properly conduct traffic stops and wants to hide it. This intended use of a prior out-of-court statement to impeach a witness on a collateral matter that the witness did not directly contradict in his current testimony does not serve the purposes of the evidentiary rules. *See, e.g.*, *State v. Lopez*, 2011-NMSC-035, ¶¶ 15-22, 150 N.M. 179, 258 P.3d 458 (explaining proper and improper uses of prior out-of-court statements for impeachment).

{9} Lastly, we note that Defendant attempts to make the officer's failure to use a dash cam relevant to the current case by relying on a letter written by the United States Department of Justice to Mayor Richard Berry on April 10, 2014, indicating that the failure to record investigations is an ongoing problem in the Albuquerque Police Department. [MIO 23] Defendant gives us no indication that this letter was

considered by the metropolitan court, and the date of the letter precludes any possibility that it was presented to the trial court during its proceedings that concluded in June 2011. [RP 2] Thus, this letter is not a matter of record. "This Court will not consider and counsel should not refer to matters not of record in their briefs." *In re Aaron L.,* 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431.

{10} For the reasons set forth in our notice and in this Opinion, we affirm the metropolitan court's rulings regarding the defense's attempted use and admission of the officer's prior statement. Accordingly, we affirm Defendant's convictions.

{11} **IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**TIMOTHY L. GARCIA, Judge**